In the United States District Court
For the Southern District of Texas
Houston Division

| | |
|---|---|
| **Amunique Love,** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 4:24-cv-00598 |
| § | |
| **Apache Corporation** and § | |
| **APA Corporation,** § | |
| § | |
| *Defendants.* § | |

**Defendant APA Corporation's Motion for Summary Judgment**

**Nature and Stage of the Proceeding**

This is an employment discrimination case in which Plaintiff Amunique Love ("Plaintiff") brings claims against both her former employer, Apache Corporation ("Apache"), and Apache's holding company with no employees, APA Corporation ("APA"). [*See generally* Doc. 10, Plaintiff's First Amended Complaint ("*Pl. Compl.*")]. Plaintiff claims a violation of her rights under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"), asserting that she was retaliated and discriminated against based on her race and color, and otherwise discriminated against because of an alleged disability that she claims APA failed to properly accommodate.

**Issues Requiring Resolution**

The Court must decide if there is admissible evidence raising a genuine issue of material fact that: (1) Plaintiff has exhausted her administrative remedies against APA; (2) APA qualifies as an "employer" under the statutes Plaintiff invokes Plaintiff has exhausted her administrative

112736613

remedies against APA; and (3) Plaintiff can meet the *prima facie* case on the causation and pretext elements of her claims.

### Standard of Review

The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," FED. R. CIV. P. 56(a), which the Fifth Circuit will review *de novo*, *Herster v. Bd. of Supervisors of La. State Univ.*, 887 F.3d 177, 184 (5th Cir. 2018).

### Summary of the Argument

The Court should grant summary judgment for APA because the undisputed summary judgment evidence conclusively proves that: (1) Plaintiff failed to exhaust her administrative remedies against APA by filing an EEOC charge against it; (2) APA never employed Plaintiff and does not qualify as an "employer" as that term is defined by Title VII and the ADA; and (3) APA did not discriminate against Plaintiff in violation of federal law.

**A.    Statement of Facts.**

APA adopts by reference the Statement of Undisputed Material Facts contained within Apache's Motion for Summary Judgment, as well as the additional facts discussed therein. [Doc. No. 89]. FED. R. CIV. P. 10(c).

**B.    Plaintiff never filed an EEOC Charge naming APA as her employer and, thus, Plaintiff has failed to exhaust her administrative remedies against APA.**

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002); *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (Title VII); *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017) (ADA); *Kluttz v. WORLDPAC*, No. 4:12-CV-

2009, 2013 WL 6731880, at *4 (S.D. Tex. Dec. 19, 2013) (Hoyt, J.). To satisfy this requirement, the plaintiff must "file a charge of discrimination with the EEOC . . . . within 300 days after the alleged unlawful act occurred." *Weathers v. Hous. Methodist Hosp.*, 116 F.4th 324, 329 (5th Cir. 2024) (per curiam). Generally, "a party not named in an EEOC charge may not be sued under" a federal discrimination statute. *See EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014) (quotation omitted) (Title VII).

Plaintiff filed only one EEOC Charge, and it does not identify APA. [**Exhibit A,** Excerpts from Deposition of Plaintiff Amunique Love ("*Pl. Dep.*"), at 212:19 – 213:6; *Pl. Compl.*, at ¶ 4.1; **Exhibit A-11,** *Pl. Dep. Ex. 11*, Plaintiff's EEOC Charge]. Because Plaintiff has failed to exhaust her administrative remedies against APA, the Court should grant summary judgment. *See Simbaki, Ltd.*, 767 F.3d at 481–82; *Castro v. Tex. Dep't of Criminal Just.*, 541 F. App'x 374, 379 (5th Cir. 2013) (affirming summary judgment on race and disability claims because plaintiff failed to exhaust administrative remedies).

C. **APA has no employees and never employed Plaintiff or any of the individuals Plaintiff claims mistreated her; thus, APA cannot be held liable as an "employer" under the relevant statutes.**

To assert a claim under Title VII or the ADA, the plaintiff must "demonstrate an employment relationship between the plaintiff and the defendant." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017) (citation modified) (Title VII); *Bloom v. Bexar County*, 130 F.3d 722, 724 (5th Cir. 1997) (granting summary judgment for county against plaintiff's ADA claim since plaintiff had no employment relationship with county). To determine the existence of such a relationship under either statute, courts "apply the hybrid economic realities/common law control test." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 227 n.2 (5th Cir. 2015) (citation modified). As to control, courts "focus on the right to hire and fire, the

right to supervise, and the right to set the employee's work schedule," whereas the economic component examines "who paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment." *Perry v. VHS San Antonio Partners*, *L.L.C.*, 990 F.3d 918, 929 (5th Cir. 2021).

Here, APA never employed Plaintiff. In January 2023, Plaintiff saw a job posting for a position with Apache Corporation for a "Supply and Diversity Lead." [*Pl. Dep.* at 77:25 – 78:9, 222:18-21; **Exhibit A-4,** *Pl. Dep. Ex. 4,* Job Posting (Apache-Love00003); **Exhibit B**, March 11, 2022 Offer Letter produced by Plaintiff (Love00018)]. The job posting Plaintiff saw clearly stated that irrespective of whether an individual is "supporting Apache, APA Corporation, or one of its subsidiaries, team members *are employed by Apache Corporation*."

> Apache Corporation is a wholly owned subsidiary of APA Corporation (NASDAQ:APA). Apache has operations in the United States, Egypt's Western Desert and the United Kingdom's North Sea and a sister company with exploration opportunities offshore Suriname. Whether supporting Apache, APA Corporation or one of its subsidiaries, team members are employed by Apache Corporation.

[Job Posting, at p. 1 (emphasis added)]. The posting also included Apache's—not APA's— "Statement on Hiring." [*Id.* at p. 2]. This statement clarified that Apache was responsible for reviewing "employment-related policies and actions." [*Id.*]. And in express language, the posting conveyed that the "Supplier Diversity Lead" position is within Apache's—again, not APA's— "Global Supply Chain Family." [*Id.* at p. 1]. The posting accurately forecasted Plaintiff's work environment, for she reported directly to Brenda Udunna, an Apache manager. [*Pl. Dep.* at 30:5–8, 31:5-7; **Exhibit C**, Excerpts from Deposition of Brenda Udunna ("*Udunna Dep.*"), at 87:25 – 88:3].

Consistent with the Supplier Diversity Lead posting, Plaintiff verified that it was Apache that employed her. [*Pl. Dep.* at 95:16-18 (Q: From March 21st, 2022, through March 31st, 2023,

112736613                                         4

by whom were you employed? A: I think that was Apache.)]. Indeed, Plaintiff's offer letter came from Apache, [*Udunna Dep.* at 84:3–21] and she confirmed that she filled out her "on-boarding paperwork at Apache." [*Pl. Dep.* at 126:13-24]. Further, in Plaintiff's EEOC Charge discussed *supra*, she only named Apache as her employer. Likewise, Plaintiff's attorney sent a legal notice to Apache, requesting a "copy of [Plaintiff's] *full employment file with Apache*." [**Exhibit D**, April 29, 2023 Demand Letter from Plaintiff's Counsel to Apache, at p. 2]. And as evidenced through several deposition questions, Plaintiff's attorney continued to concede that Apache is the only employer at issue. [**Exhibit E**, Excerpts from Deposition of Veronica Cotton ("*Cotton Dep.*"), at 24:12-13, 112:22-24, 141:2-4). Every person that Plaintiff claims played a role in her termination or that Plaintiff believes mistreated her was employed by Apache, not APA. [*Pl. Dep.* at 40:14-23, 51:6-7, 84:3-8, 241:7-14, 258:6-19; *Udunna Dep.* at 88:15; *Cotton Dep.* at 11:7-9].

     Given that Plaintiff acknowledges she applied with, received an offer from, and subsequently was employed by Apache, it strains credulity for her to suggest that she maintained an employment relationship with APA, an entirely distinct entity that exists purely as the sole shareholder of Apache. [*Udunna Dep.* at 88:20-22 ("APA Corporation really has no employees. They are just like the [h]olding[sic] kind of company, if I can say that, and Apache Corporation has employees."); **Exhibit F**, Unsworn Declaration of Kyle Funderburk ("*Funderburk Decl.*"), at ¶ 2]. The mere existence of common ownership and management does not, without more, justify aggregation as a joint employer. *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 778 (5th Cir. 1997) ("Only evidence of control suggesting a significant departure from the ordinary relationship between a parent and its subsidiary—domination similar to that which justifies piercing the corporate veil—is sufficient to rebut this presumption and to permit an inference that the parent

corporation was a final decision-maker in its subsidiary's employment decisions." (internal citation omitted)). Here, APA (1) has *no employees*; (2) does *not exercise control* over Apache's employees; and (3) has *no input* into Apache's employment decisions (*e.g.*, termination). [*Funderburk Decl.* at ¶ 2]. Under the Fifth Circuit's employment-relationship test, the evidence conclusively proves that APA did not exercise control over Plaintiff and, therefore, was never Plaintiff's "employer" as that term is defined by Title VII and the ADA.

Moreover, the economic realities of Plaintiff's employment point away from APA and towards Apache: Plaintiff's paychecks came from Apache; Apache withheld her taxes and provided her benefits; and Apache set the conditions of her employment. [**Exhibit G**, Business Records Custodian Declaration (and attached business records marked as Love00005–08, Love00028-84 and Love00108-115); **Exhibit H**, Texas Workforce Commission unemployment benefits determination letter indicating that Apache employed Plaintiff (Love00476)]. The foregoing clearly supports the conclusion that Apache, not APA, employed Plaintiff.

Finally, an entity qualifies as an "employer" under Title VII and the ADA only when it has at least fifteen employees. 42 U.S.C. § 2000e(b); 42 U.S.C. § 12111(5)(A); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 503 (2006) (recognizing numerosity requirement in Title VII). Because APA has *no employees*, APA cannot be held liable as an "employer" under the statutes that form the basis of Plaintiff's lawsuit. *Greenlees v. Eidenmuller Enters., Inc.*, 32 F.3d 197, 200 (5th Cir. 1994) (affirming district court's dismissal of Title VII claim against a defendant who did not employ at least fifteen persons).

APA *did not employ anyone*, let alone Plaintiff, and because Plaintiff lacks any admissible evidence to raise a fact issue that APA qualifies as an "employer" at all, much less as Plaintiff's

employer, the Court must grant summary judgment to APA. *See In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (stating that "where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." (citation modified)).

**D.     APA adopts all the arguments that Apache makes in its Motion for Summary Judgment as permitted by FED. R. CIV. P. 10(c).**

Federal Rule of Civil Procedure Rule 10(c) permits litigants to incorporate arguments made in another party's summary judgment motion. Accordingly, to the extent that the court finds that Plaintiff exhausted her administrative remedies against APA and/or that APA is Plaintiff's "employer" under Title VII and the ADA, APA is entitled to summary judgment for the same reasons laid out in Apache's Motion for Summary Judgment. [Doc. No. 89]. Namely, Plaintiff lacks admissible evidence to raise a genuine issue of fact that (1) she was discriminated against on the basis of race, color, or disability; (2) APA failed to accommodate her disability; and (3) APA retaliated against her.

## Conclusion

For all the reasons set forth in this Motion, APA respectfully asks the Court to grant it summary judgment and dismiss it from this case.

DATED: December 19, 2025　　　　　Respectfully submitted,

**HICKS THOMAS LLP**
A Registered Limited Liability Partnership

By: ___*/s/ Stewart Hoffer*___
　　**Stewart Hoffer (Attorney in Charge)**
　　SDTX No. 20123
　　Texas Bar No. 00790891
　　shoffer@hicks-thomas.com
　　**Chaim "Kai" Mindick**
　　SDTX No. 3938991
　　Texas Bar No. 24133963
　　kmindick@hicks-thomas.com
　　700 Louisiana Street, Suite 2300
　　Houston, Texas 77002
　　Telephone: (713) 547-9100
　　Facsimile: (713) 547-9150

**Attorneys for Defendants Apache Corporation and APA Corporation**

### Certificate of Service

I hereby certify that on December 19, 2025, the foregoing motion was served on all counsel of record, as listed below, via the Court's ECF noticing system.

　　Ms. Belashia S. Wallace
　　The Wallace Law Firm PLLC
　　363 N. Sam Houston Parkway E, Suite 1400
　　Houston, Texas 77060
　　*service@thewallacelaw.com*

　　　　　　　　　　　　___*/s/ Stewart Hoffer*___
　　　　　　　　　　　　**Stewart Hoffer**