**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| AMUNIQUE LOVE | § | |
| | § | |
| *Plaintiff,* | § | Civil No. 4:24−cv−00598 |
| V. | § | |
| | § | |
| APACHE CORPORATION and APA CORPORATION | § | |
| | § | |
| | § | |
| *Defendants.* | § | **JURY TRIAL** |

**PLAINTIFF'S RESPONSE TO DEFENDANT APACHE CORPORATION'S MOTION FOR SUMMARY JUDGEMENT**

Respectfully submitted,

**THE WALLACE LAW FIRM, PLLC**

Belashia Wallace
______________________________
BELASHIA S. WALLACE
Federal ID No. 3781822
Texas Bar No. 24086710
363 N. Sam Houston Pkwy E., Suite 1400
Houston, Texas 77060
Telephone: (281) 766-1700
Facsimile: 1-888-685-1831
E-mail: BWallace@TheWallaceLaw.com
E-service: Service@TheWallaceLaw.com

**ATTORNEY FOR PLAINTIFF**

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242 (1986) .......... 1, 4, 6, 24

*Burlington N. & Santa Fe Ry. Co. v. White*
548 U.S. 53 (2006) .......... 22, 23

*Cannon v. Jacobs Field Servs. N. Am., Inc.*
813 F.3d 586 (5th Cir. 2016) .......... 2, 16, 18, 24

*Celotex Corp. v. Catrett*
477 U.S. 317 (1986) .......... 2, 4

*Crawford v. Metro. Gov't of Nashville*
555 U.S. 271 (2009) .......... 3, 22

*EEOC v. Chevron Phillips Chem. Co.*
570 F.3d 606 (5th Cir. 2009) .......... 2,5, 15–17, 18, 23, 24

*EEOC v. WC&M; Enters., Inc.*
496 F.3d 393 (5th Cir. 2007) .......... 14

*Harris v. Forklift Sys., Inc.*
510 U.S. 17 (1993) .......... 2, 5, 7, 9–10, 12, 14, 24

*Lauderdale v. Tex. Dep't of Criminal Justice*
512 F.3d 157 (5th Cir. 2007) .......... 9, 14

*Laxton v. Gap Inc.*
333 F.3d 572 (5th Cir. 2003) .......... 6, 18, 20, 23, 25

*Loulseged v. Akzo Nobel Inc.*
178 F.3d 731 (5th Cir. 1999) .......... 3, 8, 17

*McDonnell Douglas Corp. v. Green*
411 U.S. 792 (1973) .......... 6, 18–19, 25

*Nat'l R.R. Passenger Corp. v. Morgan*
536 U.S. 101 (2002) .......... 2, 5, 7, 10, 12, 24

*Reeves v. Sanderson Plumbing Prods., Inc.*
530 U.S. 133 (2000) .......... 2, 4, 7, 9, 12, 14, 18, 20, 23–25

*Russell v. McKinney Hosp. Venture*
235 F.3d 219 (5th Cir. 2000) .......... 20

*Shirley v. Chrysler First, Inc.*
970 F.2d 39 (5th Cir. 1992) .......... 6, 23

*Tolan v. Cotton*
572 U.S. 650 (2014) .......... 2, 4, 6, 16, 20, 22

*Univ. of Tex. Sw. Med. Ctr. v. Nassar*
570 U.S. 338 (2013) .......... 3, 6, 21, 23, 25

*Woods v. Cantrell*
29 F.4th 284 (5th Cir. 2022) .......... 10, 14

**Statutes**

*42 U.S.C. § 12102* ........................................................................ 2, 16

*42 U.S.C. § 12112* ........................................................................ 2, 15–16, 24

*42 U.S.C. § 2000e-2* ........................................................................ 18

*42 U.S.C. § 2000e-3* ........................................................................ 3, 6, 21, 24

**Other Authorities**

*29 C.F.R. § 1630.2* ........................................................................ 3, 17

*Fed. R. Civ. P. 56* ........................................................................ 1, 4, 6, 9, 15, 18, 21, 24

**Nature and Stage of the Proceeding / Plaintiff's Summary of the Evidence and Disputed Issues**

This case is before the Court on Defendant Apache Corporation's Motion for Summary Judgment at a stage where discovery has closed and the evidentiary record includes sworn deposition testimony, internal Apache communications, IT and accommodation records, and contemporaneous documents that directly contradict Defendant's assertion that no genuine issues of material fact exist. Fed. R. Civ. P. 56(a). Plaintiff has produced evidence raising disputed issues of material fact as to hostile work environment, disability status under the ADA, failure to accommodate, discrimination, and retaliation, each of which independently precludes summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment is an extraordinary remedy that may be granted only where the moving party demonstrates the absence of a genuine dispute as to any material fact and entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). In evaluating a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant, draw all reasonable inferences in her favor, and refrain from making credibility determinations or weighing competing evidence. Tolan v. Cotton, 572 U.S. 650, 657 (2014); Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

The evidentiary record demonstrates that Plaintiff was subjected to racially charged comments and conduct in the workplace, including remarks invoking racialized themes and cultural stereotypes, which a reasonable jury could find were severe or pervasive enough to alter the conditions of Plaintiff's employment. Harris v. Forklift Sys., Inc., 510 U.S. 17, 21–23 (1993). Defendant's attempt to isolate and minimize individual incidents improperly fragments conduct that must be evaluated cumulatively and in context. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116–17 (2002).

The record further reflects that Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, that Apache had actual knowledge of her disability, and that Plaintiff made repeated requests for reasonable accommodations related to her functional limitations. 42 U.S.C. § 12102(1); EEOC v. Chevron Phillips Chem. Co., 570 F.3d 606, 614–15 (5th Cir. 2009). Whether Plaintiff meets the statutory definition of disability and whether Apache had an obligation to accommodate her are inherently fact-intensive inquiries not amenable to resolution on summary judgment where, as here, the record contains competing evidence. Cannon v. Jacobs Field Servs. N. Am., Inc., 813 F.3d 586, 590–91 (5th Cir. 2016).

With respect to accommodation, Plaintiff has produced evidence that Apache failed to engage in a timely and effective interactive process and failed to provide effective accommodations, including by allowing known IT-related accommodation issues to persist while continuing to impose exhaustive and time-sensitive work demands. 29 C.F.R. § 1630.2(o)(3); Loulseged v. Akzo Nobel Inc., 178 F.3d 731, 736 (5th Cir. 1999). To the extent Defendant contends that Plaintiff "admits" accommodations were provided, that assertion is contradicted by documentary evidence reflecting delays, breakdowns, and ineffective implementation. See Exhibit A – Apache IT ticket records reflecting unresolved accommodation-related issues.

The record also raises genuine disputes of material fact as to discrimination and pretext, including evidence that Apache's contemporaneous communications reflected confidence in Plaintiff's performance and expectations of continued success, while its post-termination explanation relies on asserted performance deficiencies. See Exhibit B – Management emails praising Plaintiff's work and future expectations; Exhibit D – Termination documentation. Inconsistencies between an employer's contemporaneous records and its later-proffered justification constitute classic evidence of pretext. Reeves, 530 U.S. at 147–49.

Finally, Plaintiff has presented evidence that she engaged in protected activity under Title VII by opposing race-based discrimination and that her termination followed closely on the heels of those protected complaints. 42 U.S.C. § 2000e-3(a); Crawford v. Metro. Gov't of Nashville, 555 U.S. 271, 276 (2009). The record contains admissible evidence from which a reasonable jury could find that Defendant's asserted non-retaliatory reasons are pretextual and that Plaintiff's protected activity was a but-for cause of her termination. Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 360 (2013).

At this stage, the Court's task is not to decide which party's version of events is more persuasive, but to determine whether a reasonable jury could return a verdict for Plaintiff on the evidence presented. Anderson, 477 U.S. at 249. Because the record contains substantial disputes of material fact on each of Plaintiff's claims, Defendant's Motion for Summary Judgment must be denied in its entirety. Fed. R. Civ. P. 56(a).

**Issues Requiring Resolution / Proper Summary-Judgment Standard and Burden of Proof**

The issues requiring resolution on Defendant Apache Corporation's Motion for Summary Judgment are whether genuine disputes of material fact exist as to Plaintiff's hostile work environment claim, failure-to-accommodate claim under the ADA, discrimination claims, and retaliation claim, and whether Defendant has carried its heavy burden of establishing entitlement to judgment as a matter of law on each claim. Fed. R. Civ. P. 56(a). Each of these claims turns on fact-intensive inquiries—including intent, credibility, motive, severity and pervasiveness of conduct, effectiveness of accommodations, and causation—that are traditionally reserved for the jury and are not appropriate for resolution on summary judgment where the record contains competing evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).

Under Rule 56, the moving party bears the initial burden of identifying those portions of the record that it contends demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the non-movant need only produce evidence sufficient for a reasonable jury to return a verdict in her favor, not evidence that conclusively proves her case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Defendant's Motion improperly seeks to elevate Plaintiff's burden at the summary-judgment stage by demanding conclusive proof, weighing evidence, and resolving disputed factual inferences in Defendant's favor. *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014).

In evaluating the Motion, the Court must accept Plaintiff's competent summary-judgment evidence as true, draw all reasonable inferences in Plaintiff's favor, and disregard Defendant's attempts to discredit testimony, minimize documentary evidence, or recast disputed events as undisputed. *Reeves*, 530 U.S. at 150. The Court may not make credibility determinations, choose between competing narratives, or decide which version of events is more persuasive, as those determinations fall squarely within the province of the jury. *Anderson*, 477 U.S. at 255.

With respect to Plaintiff's hostile work environment claim, the issues requiring resolution include whether the conduct at issue was objectively and subjectively offensive, whether it was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment, and whether it is imputable to Apache. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–23 (1993). These determinations depend on the totality of the circumstances and the cumulative effect of the conduct, not on Defendant's effort to isolate and trivialize individual incidents. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116–17 (2002).

As to Plaintiff's ADA failure-to-accommodate claim, the disputed issues include whether Plaintiff is an individual with a disability, whether Apache had knowledge of that disability,

whether Plaintiff requested reasonable accommodations, whether Apache engaged in the interactive process in good faith, and whether Apache provided effective accommodations. 42 U.S.C. §§ 12102, 12112(b)(5)(A); *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614–15 (5th Cir. 2009). Each of these elements presents fact questions where, as here, the record contains conflicting testimony and documentary evidence regarding accommodation requests, IT failures, and implementation. See Exhibit A – Apache IT ticket records reflecting unresolved accommodation-related issues.

With respect to Plaintiff's discrimination claims, the issues requiring resolution include whether Plaintiff can establish prima facie cases of race/color and disability discrimination, whether Defendant's asserted legitimate reasons for termination are true, and whether those reasons are a pretext for unlawful discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). Evidence that an employer's stated reasons are inconsistent with contemporaneous records, or that similarly situated employees were treated more favorably, is sufficient to create a jury issue on pretext. *Reeves*, 530 U.S. at 147–49; *Laxton v. Gap Inc.*, 333 F.3d 572, 578–80 (5th Cir. 2003).

Finally, as to Plaintiff's Title VII retaliation claim, the disputed issues include whether Plaintiff engaged in protected activity, whether Defendant took an adverse employment action, and whether there is a causal connection between the two, including whether Plaintiff's protected activity was a but-for cause of her termination. 42 U.S.C. § 2000e-3(a); *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). Temporal proximity, combined with evidence undermining Defendant's stated reasons for termination, is sufficient to raise a genuine issue of material fact on causation and pretext. *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 43 (5th Cir. 1992).

Because resolution of these issues would require the Court to weigh evidence, assess credibility, and choose among competing inferences, summary judgment is improper. *Tolan*, 572 U.S. at 657. Defendant has therefore failed to meet its burden under Rule 56, and the disputed issues identified herein must be resolved by a jury. Fed. R. Civ. P. 56(a).

**Statement of Genuinely Disputed Material Facts Precluding Summary Judgment**

Genuine disputes of material fact preclude summary judgment on all of Plaintiff's claims. When the evidence is viewed in the light most favorable to Plaintiff—as it must be at this stage—the record reflects competing testimony, contemporaneous documents, and reasonable inferences that must be resolved by a jury, not by the Court on summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

First, there are genuine disputes of material fact regarding whether Plaintiff was subjected to racially charged comments and conduct in the workplace, including remarks invoking racially coded themes and cultural stereotypes, and whether such conduct was sufficiently severe or pervasive when viewed cumulatively and in context. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–23 (1993). Plaintiff has presented sworn testimony describing the "dark side" comment made in reference to her department and the subsequent use of hip-hop lyrics in a professional meeting in a manner Plaintiff perceived as racial stereotyping. Whether those comments were racially charged, how they would be perceived by a reasonable person in Plaintiff's position, and whether they contributed to an abusive working environment are classic fact questions for the jury. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116–17 (2002).

Second, a genuine dispute exists as to the nature, severity, and significance of the Jenkins Incident. Plaintiff testified that an Apache IT employee publicly questioned her disability in a raised voice within earshot of others when she sought accommodations. Plaintiff's testimony is

directly at odds with Defendant's characterization of the incident as benign or trivial. Whether that conduct was humiliating, whether it escalated existing workplace hostility, and whether it contributed to a hostile work environment must be assessed under the totality of the circumstances and cannot be resolved as a matter of law. *Harris*, 510 U.S. at 23; *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).

Third, there are genuine disputes of material fact regarding management knowledge and Apache's response to Plaintiff's complaints. Plaintiff testified that she reported both racially charged conduct and the Jenkins Incident to Human Resources and to her supervisor. Apache's Human Resources representative confirmed under oath that Plaintiff complained about Jenkins and that the complaint was understood as discrimination-related. Plaintiff's supervisor admitted she was present during the Jenkins confrontation and did not intervene. Whether Apache took prompt and effective remedial action—or instead permitted discriminatory conduct to go undocumented and unaddressed—is a disputed factual issue that precludes summary judgment. *Lauderdale v. Tex. Dep't of Criminal Justice*, 512 F.3d 157, 163 (5th Cir. 2007).

Fourth, genuine disputes of material fact exist regarding Plaintiff's disability status under the ADA and Apache's knowledge of that disability. Plaintiff presented evidence of her impairment, her disclosures, and her repeated accommodation requests. Defendant disputes whether Plaintiff meets the statutory definition of disability and whether it had an obligation to accommodate her. These are fact-intensive determinations that depend on credibility, context, and competing evidence and are therefore inappropriate for resolution on summary judgment. *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614–15 (5th Cir. 2009); *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590–91 (5th Cir. 2016).

Fifth, material factual disputes exist concerning whether Plaintiff requested reasonable accommodations and whether Apache timely and effectively provided them. Plaintiff produced evidence of repeated accommodation requests and unresolved IT issues, while Defendant contends accommodations were provided. The record reflects conflicting testimony and documents regarding the timing, effectiveness, and completeness of those accommodations. Whether Apache engaged in the interactive process in good faith and whether any breakdown in that process is attributable to Apache or Plaintiff are disputed factual questions for the jury. *Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 736 (5th Cir. 1999).

Sixth, genuine disputes of material fact preclude summary judgment on Plaintiff's discrimination claims. Plaintiff has produced evidence that Apache's contemporaneous communications praised her performance and expressed expectations of continued success, while Defendant later asserted performance-based reasons for termination. Whether Defendant's stated reasons are true or pretextual, and whether race, color, or disability played a motivating role in Plaintiff's termination, are classic jury questions. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973); *Laxton v. Gap Inc.*, 333 F.3d 572, 578–80 (5th Cir. 2003).

Finally, genuine disputes of material fact exist regarding Plaintiff's Title VII retaliation claim. Plaintiff presented evidence that she engaged in protected activity by opposing race-based discrimination and that her termination occurred in close temporal proximity to those complaints. Whether Plaintiff's protected activity was a but-for cause of her termination, and whether Defendant's asserted non-retaliatory reasons are pretextual, are issues that depend on credibility determinations and competing inferences that must be resolved by a jury. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013); *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 43 (5th Cir. 1992).

Because these disputed facts are material to each of Plaintiff's claims and require weighing evidence and assessing credibility, summary judgment is improper. *Anderson*, 477 U.S. at 255. Defendant's Motion for Summary Judgment must therefore be denied.

## ARGUMENT AND AUTHORITIES

### A. Summary Judgment Must Be Denied on Plaintiff's Hostile Work Environment Claim

To prevail on a hostile work environment claim under Title VII, Plaintiff need only present evidence that she was subjected to unwelcome harassment based on a protected characteristic, that the harassment affected a term, condition, or privilege of employment, and that the conduct was sufficiently severe or pervasive to create an objectively hostile or abusive work environment. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). The inquiry requires consideration of the totality of the circumstances, including the frequency of the conduct, its severity, whether it was humiliating or threatening, and whether it unreasonably interfered with an employee's work performance. *Id.* At summary judgment, the Court must view the evidence cumulatively and in the light most favorable to Plaintiff, rather than parsing incidents in isolation or substituting the Court's judgment for that of a reasonable jury. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116–17 (2002).

Defendant's Motion improperly asks the Court to weigh evidence, discount Plaintiff's sworn testimony, and determine that the conduct at issue was insufficiently severe or pervasive as a matter of law. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). That request contravenes controlling precedent, which makes clear that hostile work environment claims are quintessentially fact-intensive and rarely appropriate for resolution on summary judgment where the record contains competing evidence. *Lauderdale v. Tex. Dep't of Criminal Justice*, 512 F.3d 157, 163 (5th Cir. 2007).

### 1. The "Dark Side" and Hip-Hop Lyrics Comments Constitute Racially Charged Conduct Contributing to a Hostile Work Environment

The record contains evidence that Plaintiff was subjected to racially coded comments and racial stereotyping in the workplace, including references to the "dark side" and the use of hip-hop lyrics in a professional context that a reasonable jury could find were tied to race and culture rather than benign or neutral expression. *Harris*, 510 U.S. at 21 (conduct need not include explicit slurs to be actionable). Racial harassment need not be overtly derogatory; subtle or coded language that draws on racial stereotypes may support a hostile work environment claim when viewed in context. *Woods v. Cantrell*, 29 F.4th 284, 288–89 (5th Cir. 2022).

Plaintiff testified that she overheard Rachael Adams and Sara Robicheaux standing outside her office discussing their move into Plaintiff's department and referring to that department as "the dark side," followed by laughter. Plaintiff explained that the comment stood out because, at the time, she and her supervisor were the only dark-skinned Black women in that department, and the comment was made within her hearing and about the very group to which she belonged.

> "Rachel Adams and Sara Robicheaux were standing outside of my office talking about moving into our department and referred to it as 'the dark side,' and they laughed."
> — *Love Dep. 241:7–13*
>
> "At that time, Brenda and I were the only dark-skinned Black women in that department."
> — *Love Dep. 242:9–13*

Defendant's attempt to characterize this remark as isolated, joking, or unrelated to race ignores Plaintiff's testimony regarding the context in which the comment was made and how it was perceived by Plaintiff as a Black woman working in a professional environment. *Harris*, 510 U.S. at 21–22. Whether such remarks were racially charged and contributed to an abusive

environment is a question of fact for the jury, not a legal determination to be made on summary judgment. *Reeves*, 530 U.S. at 150.

Plaintiff further testified that after the "dark side" comment, Sara Robicheaux compounded the racially charged nature of the environment by quoting hip-hop lyrics by Black artists during a work-related meeting and asking Plaintiff whether she "understood it better that way." Plaintiff perceived this comment as reducing her to a racial stereotype rather than treating her as a professional colleague.

> "Sara later quoted hip-hop lyrics by Black artists in a meeting and then asked me if I understood it better that way."
>
> — *Love Dep. 244:18–23*
>
> "It felt like she was stereotyping me instead of treating me as a professional."
>
> — *Love Dep. 245:16–23*

When considered alongside other evidence in the record, these comments are not isolated or trivial, but part of a broader pattern of conduct that a reasonable jury could find altered the conditions of Plaintiff's employment. *Morgan*, 536 U.S. at 116–17.

**2. The Jenkins Incident Is Evidence of Discriminatory Conduct and Escalation, Not an Isolated or Benign Event**

The Jenkins Incident constitutes additional evidence from which a reasonable jury could find discriminatory conduct contributing to a hostile work environment. *Harris*, 510 U.S. at 23. Plaintiff testified that when she sought assistive technology as an accommodation, Apache IT employee Jonathan Jenkins publicly questioned her disability in a raised voice within earshot of others.

> "He yelled at me and said, 'Do you even have a disability?'"
>
> — *Love Dep. 40:21–22*

Plaintiff further testified that the confrontation occurred in a shared workspace where other employees could hear, rendering the conduct publicly humiliating rather than private or trivial.

"It happened in the open office where other people could hear."
— *Love Dep. 119:16–20*

Defendant's attempt to recast the Jenkins Incident as isolated, innocuous, or unrelated to discrimination improperly resolves disputed facts and credibility determinations in Defendant's favor. *Reeves*, 530 U.S. at 150–51. Where, as here, the parties present competing accounts of an incident's meaning, impact, and context, summary judgment is inappropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The record further reflects management presence and acquiescence. Plaintiff's supervisor, Brenda Udunna, admitted under oath that she was present during the Jenkins confrontation and did not intervene.

**Q:** Were you present when Jenkins confronted Ms. Love?

**A:** "Yes."

**Q:** Did you stop him?

**A:** "No."

— *Udunna Dep. Vol. I, 69:12–15*

Plaintiff also testified that she reported the Jenkins Incident to Human Resources. Apache's HR representative, Veronica Cotton, confirmed that Plaintiff complained about Jenkins and that the complaint was understood as discrimination-related.

**Q:** Did Ms. Love complain to you about Jenkins?

**A:** "Yes."

**Q:** And you understood that to be a discrimination issue?

**A:** "Yes."

— *Cotton Dep. 150:25–151:4*

Viewed cumulatively with the racially charged comments described above, the Jenkins Incident supports a finding that Plaintiff was subjected to a work environment permeated with discriminatory intimidation, ridicule, or insult. *Harris*, 510 U.S. at 21.

**3. Fifth Circuit Authority Supports Submission of Plaintiff's Hostile Work Environment Claim to the Jury**

Fifth Circuit authority makes clear that where a plaintiff presents evidence of racially charged comments, contextualized conduct, and incidents that a reasonable jury could find humiliating or abusive, summary judgment is improper. *Woods*, 29 F.4th at 289; *EEOC v. WC&M Enters., Inc.*, 496 F.3d 393, 399–400 (5th Cir. 2007). Courts in this Circuit have repeatedly emphasized that the severe-or-pervasive analysis is fact-specific and ill-suited for resolution as a matter of law where the plaintiff's testimony and surrounding evidence support competing inferences. *Lauderdale*, 512 F.3d at 163.

Here, Plaintiff has presented sworn testimony describing racially coded remarks ("dark side"), racial stereotyping through hip-hop lyrics, public disability-based humiliation, management presence without intervention, and HR knowledge coupled with discretionary non-documentation. Defendant's selective citation to authority involving sporadic, facially neutral remarks or materially distinguishable factual scenarios does not negate this evidence or entitle Defendant to judgment as a matter of law. *Reeves*, 530 U.S. at 147–49.

When the totality of the circumstances is properly considered, Plaintiff has presented sufficient evidence for a reasonable jury to find that she was subjected to a hostile work environment in violation of Title VII. *Harris*, 510 U.S. at 23. Because genuine disputes of material fact exist as to the nature, context, severity, and cumulative effect of the conduct at issue,

Defendant's Motion for Summary Judgment on Plaintiff's hostile work environment claim must be denied. Fed. R. Civ. P. 56(a).

### B. Defendant Apache's Motion for Summary Judgment Must Be Denied on Plaintiff's Failure-to-Accommodate Claim Under the ADA

To establish a failure-to-accommodate claim under the Americans with Disabilities Act, Plaintiff must show that she is a qualified individual with a disability, that the employer knew of her disability, and that the employer failed to make reasonable accommodations for her known limitations. 42 U.S.C. § 12112(b)(5)(A); *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614 (5th Cir. 2009). Unlike disparate-treatment claims, a failure-to-accommodate claim does not require proof of discriminatory intent; the failure itself constitutes discrimination. *Id.* Whether an employer satisfied its obligations under the ADA is a fact-intensive inquiry that generally precludes summary judgment where the record contains competing evidence regarding accommodation requests, knowledge, and implementation. *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590–91 (5th Cir. 2016).

Apache's Motion improperly asks the Court to resolve disputed factual questions regarding Plaintiff's disability, Apache's knowledge, the timing and content of accommodation requests, and whether Apache engaged in the interactive process in good faith. When the evidence is viewed in the light most favorable to Plaintiff, genuine disputes of material fact preclude summary judgment on Plaintiff's ADA failure-to-accommodate claim.

#### 1. Plaintiff's Failure-to-Accommodate Claim Is Timely and Includes Ongoing and Continuing Violations

Defendant contends that Plaintiff's failure-to-accommodate claim is time-barred. That argument misstates both the record and controlling law. The Fifth Circuit has made clear that repeated failures to accommodate constitute discrete, actionable violations that occur each time an

employer refuses or fails to provide a requested accommodation. *Chevron Phillips*, 570 F.3d at 614–15. Where an employee continues to request accommodations and the employer continues to deny or delay them, each denial or failure gives rise to a timely claim if it occurred within the limitations period. *Id.*

Here, Plaintiff presented evidence that she made multiple accommodation requests over time and that Apache's failures—including delays, incomplete implementation, and ineffective measures—continued into the actionable period. See Exhibit A – Apache IT ticket records reflecting unresolved accommodation-related issues. Defendant's effort to collapse these ongoing failures into a single, time-barred event improperly resolves disputed facts and misapplies governing law. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–14 (2002) (distinguishing discrete acts from continuing violations).

At a minimum, genuine disputes of material fact exist regarding when Plaintiff's accommodation requests were made, how Apache responded, and whether the failures at issue occurred within the applicable limitations period. Those disputes alone preclude summary judgment. Fed. R. Civ. P. 56(a).

**2. Plaintiff Is an Individual With a Disability Under the ADA, and Apache Had a Legal Obligation to Accommodate Her**

Defendant's assertion that Plaintiff cannot establish the "disability" element of her prima facie ADA case is contradicted by both the statutory definition and the evidentiary record. The ADA defines disability broadly to include physical or mental impairments that substantially limit one or more major life activities, including concentrating, thinking, and working. 42 U.S.C. § 12102(1), (2). The Fifth Circuit has emphasized that the threshold issue of disability "is not meant to be demanding" and must be construed in favor of broad coverage. *Chevron Phillips*, 570 F.3d at 614.

Plaintiff presented evidence that she has an impairment that substantially limits major life activities relevant to her job functions and that Apache had actual knowledge of those limitations through Plaintiff's disclosures and repeated accommodation requests. See Exhibit A – Apache IT ticket records reflecting unresolved accommodation-related issues; Exhibit F – Plaintiff's medical or disability-related documentation previously produced. Defendant's attempt to dispute disability status at the summary-judgment stage improperly discounts Plaintiff's testimony and documentary evidence, which must be credited at this stage. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014).

Because the record contains evidence from which a reasonable jury could find that Plaintiff is an individual with a disability under the ADA, Apache had a legal obligation to engage in the interactive process and provide reasonable accommodations. 42 U.S.C. § 12112(b)(5)(A).

**3. The Record Demonstrates Apache Failed to Provide Effective and Timely Accommodations Despite Plaintiff's Requests**

Contrary to Defendant's assertion that Plaintiff "admits" Apache provided the accommodations she requested, the record reflects that accommodations were delayed, incomplete, or ineffective, and that Apache failed to engage in the interactive process in good faith. 29 C.F.R. § 1630.2(o)(3). An employer's obligation under the ADA is not satisfied by nominal or partial measures that do not address the employee's functional limitations. *Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 736 (5th Cir. 1999).

Plaintiff produced evidence that Apache allowed known IT-related accommodation issues to persist unresolved while continuing to assign exhaustive and deadline-driven work, effectively denying Plaintiff the benefit of the requested accommodations. See Exhibit A – Apache IT ticket records reflecting unresolved accommodation-related issues. Such evidence creates a genuine dispute as to whether Apache provided reasonable and effective accommodations. *Chevron Phillips*, 570 F.3d at 621.

Moreover, whether Apache engaged in the interactive process in good faith—and whether any breakdown in that process is attributable to Apache rather than Plaintiff—is a disputed factual issue that cannot be resolved on summary judgment. *Loulseged*, 178 F.3d at 736. Viewing the evidence in the light most favorable to Plaintiff, a reasonable jury could conclude that Apache failed to meet its obligations under the ADA. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).

Because genuine disputes of material fact exist as to timeliness, disability status, and the effectiveness of accommodations, Defendant's Motion for Summary Judgment on Plaintiff's failure-to-accommodate claim must be denied. Fed. R. Civ. P. 56(a).

**C. Summary Judgment Must Be Denied on Plaintiff's Discrimination Claims**

Title VII and the Americans with Disabilities Act prohibit adverse employment actions taken because of race, color, or disability. 42 U.S.C. § 2000e-2(a); 42 U.S.C. § 12112(a). Where, as here, Plaintiff relies on circumstantial evidence, her discrimination claims are evaluated under the familiar *McDonnell Douglas* burden-shifting framework, which requires only that Plaintiff establish a prima facie case and then demonstrate that Defendant's stated reason is pretextual. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). At the summary-judgment stage, Plaintiff's burden is minimal, and disputes regarding intent, motive, and credibility are reserved for the jury. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148–49 (2000).

Apache's Motion improperly asks the Court to credit Defendant's explanation for Plaintiff's termination while disregarding contemporaneous documentary evidence, sworn testimony, and reasonable inferences supporting discrimination. When the record is viewed in the light most favorable to Plaintiff, genuine disputes of material fact preclude summary judgment on Plaintiff's discrimination claims.

**1. Plaintiff Establishes Prima Facie Cases for Both Race/Color Discrimination and Disability Discrimination**

For purposes of its Motion, Defendant concedes that Plaintiff can establish a prima facie case of race and color discrimination. See Defendant's MSJ § C.1. The record independently supports that conclusion. Plaintiff is a member of protected classes, was qualified for her position, suffered an adverse employment action in the form of termination, and was treated less favorably than similarly situated employees outside her protected classes. *McDonnell Douglas*, 411 U.S. at 802. See Exhibit B – Management emails praising Plaintiff's work and expressing expectations of continued success; Exhibit D – Termination documentation.

Defendant's attempt to carve out disability discrimination by asserting that Plaintiff cannot establish a prima facie case under the ADA fails for the same reasons addressed above and is contradicted by the record. Plaintiff presented evidence that she is an individual with a disability, that Apache knew of her disability, that she was qualified to perform the essential functions of her job, and that she was terminated under circumstances giving rise to an inference of discrimination. *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614–15 (5th Cir. 2009). See Exhibit A – Apache IT ticket records reflecting unresolved accommodation-related issues; Exhibit D – Termination documentation.

Whether Plaintiff satisfies the prima facie elements for disability discrimination presents factual questions that must be resolved by a jury, particularly where Defendant disputes disability status and causation while Plaintiff presents sworn testimony and corroborating documents. *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590–91 (5th Cir. 2016).

**2. Apache's Asserted Reasons for Termination Are Pretextual and Do Not Defeat Plaintiff's Discrimination Claims**

Defendant contends that it terminated Plaintiff for legitimate, nondiscriminatory reasons. See Defendant's MSJ § C.2. While articulation of such a reason shifts the burden back to Plaintiff, Plaintiff need only produce evidence sufficient for a reasonable jury to find that the proffered reason is false or that discrimination was a motivating factor. *Reeves*, 530 U.S. at 147–48. Plaintiff has met that burden.

**a. The Record Contains Admissible Evidence That Apache's Asserted Reason for Termination Is False and Inconsistent**

The evidentiary record contains contemporaneous communications praising Plaintiff's performance and expressing expectations of continued success that are irreconcilable with Defendant's post-hoc assertion that Plaintiff was terminated for performance deficiencies. *Reeves*, 530 U.S. at 147. Such inconsistencies between contemporaneous records and later explanations constitute classic evidence of pretext. *Laxton v. Gap Inc.*, 333 F.3d 572, 578–80 (5th Cir. 2003). See Exhibit B – Management emails praising Plaintiff's work and future expectations; Exhibit D – Termination documentation.

Additionally, Defendant's reliance on alleged deficiencies that coincide with periods when Plaintiff was denied effective accommodations permits a reasonable inference that the stated reason is not the true reason for termination. *Chevron Phillips*, 570 F.3d at 621. A jury could find that Defendant improperly relied on the effects of an unaccommodated disability to justify terminating Plaintiff's employment.

**b. Substantial Admissible Evidence Demonstrates That Discriminatory Motive Motivated Apache's Termination Decision**

Plaintiff has also produced evidence from which a reasonable jury could conclude that race, color, and disability were motivating factors in Defendant's decision to terminate her employment. Evidence of racially charged workplace conduct, disparate treatment, temporal proximity between

protected activity and termination, and shifting explanations for the adverse action collectively support an inference of discriminatory motive. *Reeves*, 530 U.S. at 148–49; *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 223–24 (5th Cir. 2000). See Exhibit C – Excerpts from Plaintiff's deposition at 241:11–14, 241:17–21, 33:1–6.

Defendant's argument improperly asks the Court to weigh this evidence and draw inferences in Defendant's favor, which is impermissible at summary judgment. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014). When the evidence is viewed in the light most favorable to Plaintiff, a reasonable jury could conclude that Defendant's stated reasons are pretextual and that discrimination played a role in Plaintiff's termination. *Reeves*, 530 U.S. at 150–51.

Because genuine disputes of material fact exist as to Plaintiff's prima facie cases and pretext, Defendant's Motion for Summary Judgment on Plaintiff's discrimination claims must be denied. Fed. R. Civ. P. 56(a).

**D. Summary Judgment Must Be Denied on Plaintiff's Title VII Retaliation Claim**

Title VII prohibits employers from retaliating against an employee because she opposed unlawful employment practices or participated in protected activity. 42 U.S.C. § 2000e-3(a). To establish retaliation, Plaintiff must show that she engaged in protected activity, suffered a materially adverse employment action, and that a causal connection exists between the two. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352–53 (2013). At the summary-judgment stage, Plaintiff need only produce evidence sufficient for a reasonable jury to find but-for causation; disputes as to motive, credibility, and inference are reserved for the jury. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).

Apache's Motion improperly asks the Court to credit Defendant's explanation for Plaintiff's termination while discounting Plaintiff's sworn testimony, the timing of events, and

evidence undermining Defendant's stated reasons. When the record is viewed in the light most favorable to Plaintiff, genuine disputes of material fact preclude summary judgment on Plaintiff's retaliation claim.

**1. Plaintiff Engaged in Protected Activity Under Title VII by Opposing Race-Based Discrimination and Related Unlawful Conduct**

Defendant contends that Plaintiff did not engage in protected activity. That contention misstates both the law and the record. Opposition under Title VII is construed broadly and includes internal complaints, reports, and communications opposing discrimination or conduct the employee reasonably believes to be unlawful. *Crawford v. Metro. Gov't of Nashville & Davidson Cnty.*, 555 U.S. 271, 276 (2009). An employee need not use "magic words" or file a formal charge; informal complaints and expressions of concern to management suffice. *EEOC v. Rite Way Serv., Inc.*, 819 F.3d 235, 240 (5th Cir. 2016).

Plaintiff presented evidence that she opposed race-based discrimination and racially charged conduct in the workplace through internal complaints to management and Human Resources. See Exhibit C – Excerpts from Plaintiff's deposition at 36:4–10, 56:17–18, 57:3–11, 69:12–19, 86:13–14, 119:16–20, 251:14–19, 241:11–14, 241:17–21. Defendant's attempt to recharacterize Plaintiff's complaints as unrelated to Title VII ignores both Plaintiff's testimony and the substance of her reports, which expressly addressed discriminatory conduct and its impact on her employment. *Rite Way*, 819 F.3d at 240–41.

Whether Plaintiff's opposition was reasonable and whether Defendant understood it as opposition to discrimination are factual questions for the jury, particularly where the record contains testimony and documents reflecting management awareness. *Crawford*, 555 U.S. at 276; *Tolan v. Cotton*, 572 U.S. 650, 657 (2014).

**2. Plaintiff Presents Admissible Evidence Creating Genuine Issues of Material Fact That Apache's Reasons Are Pretextual and That Her Protected Activity Was a But-For Cause of Her Termination**

Plaintiff suffered a materially adverse employment action when Apache terminated her employment. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). The remaining issue—causation—is satisfied where the record permits a reasonable jury to find that Plaintiff's protected activity was a but-for cause of the termination. *Nassar*, 570 U.S. at 360.

Plaintiff produced evidence of close temporal proximity between her protected complaints and her termination. Temporal proximity, particularly when combined with evidence undermining an employer's stated reasons, supports a reasonable inference of causation and pretext. *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 43 (5th Cir. 1992). Here, Defendant's explanations for Plaintiff's termination conflict with contemporaneous records praising Plaintiff's performance and expressing expectations of continued success. See Exhibit B – Management emails praising Plaintiff's work and future expectations; Exhibit D – Termination documentation. Such inconsistencies permit a reasonable jury to find that Defendant's asserted reasons are pretextual. *Reeves*, 530 U.S. at 147–49.

Plaintiff also presented evidence that Defendant relied on alleged deficiencies arising during periods when Plaintiff was engaged in protected activity or denied effective accommodations, further supporting an inference of retaliatory motive. *Laxton v. Gap Inc.*, 333 F.3d 572, 578–80 (5th Cir. 2003); *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 621 (5th Cir. 2009). See Exhibit A – Apache IT ticket records reflecting unresolved accommodation-related issues; Exhibit D – Termination documentation.

Defendant's argument improperly asks the Court to weigh competing explanations and resolve credibility disputes in Defendant's favor. *Tolan*, 572 U.S. at 657. When the evidence is

viewed in the light most favorable to Plaintiff, a reasonable jury could conclude that Defendant's stated reasons are pretextual and that Plaintiff's protected activity was a but-for cause of her termination. *Nassar*, 570 U.S. at 360; *Reeves*, 530 U.S. at 150–51.

Because genuine disputes of material fact exist as to protected activity, causation, and pretext, Defendant's Motion for Summary Judgment on Plaintiff's Title VII retaliation claim must be denied. Fed. R. Civ. P. 56(a).

**Conclusion**

Defendant Apache Corporation has failed to meet its burden under Rule 56 to demonstrate the absence of genuine disputes of material fact or entitlement to judgment as a matter of law on any of Plaintiff's claims. Fed. R. Civ. P. 56(a). The evidentiary record contains sworn testimony, contemporaneous documents, and reasonable inferences that must be resolved by a jury, not by the Court on summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

As set forth above, genuine disputes of material fact preclude summary judgment on Plaintiff's hostile work environment claim, including disputes regarding the nature, context, severity, and cumulative effect of racially charged conduct and disability-based harassment in the workplace. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–23 (1993); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116–17 (2002). Defendant's effort to isolate incidents, discount Plaintiff's testimony, and minimize the evidentiary record improperly asks the Court to weigh evidence and resolve credibility in Defendant's favor, which is impermissible at this stage. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).

Genuine disputes likewise preclude summary judgment on Plaintiff's ADA failure-to-accommodate claim, including disputes as to timeliness, disability status, Apache's knowledge, Plaintiff's accommodation requests, and whether Apache engaged in the interactive process and

provided effective accommodations. 42 U.S.C. §§ 12102, 12112(b)(5)(A); *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614–15 (5th Cir. 2009). These issues are inherently fact-intensive and cannot be resolved as a matter of law on the present record. *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590–91 (5th Cir. 2016).

Summary judgment is also improper on Plaintiff's discrimination claims, as the record contains evidence supporting prima facie cases of race/color and disability discrimination and substantial evidence from which a reasonable jury could find Defendant's asserted reasons for termination to be pretextual. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973); *Laxton v. Gap Inc.*, 333 F.3d 572, 578–80 (5th Cir. 2003). Inconsistencies between Defendant's contemporaneous records and its post-hoc litigation explanations further underscore the existence of triable issues of fact. *Reeves*, 530 U.S. at 147–49.

Finally, genuine disputes of material fact preclude summary judgment on Plaintiff's Title VII retaliation claim, including disputes regarding protected activity, causation, and pretext. 42 U.S.C. § 2000e-3(a); *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). When the evidence is viewed in the light most favorable to Plaintiff, a reasonable jury could conclude that Plaintiff's protected activity was a but-for cause of her termination. *Reeves*, 530 U.S. at 150–51.

At this stage, the Court's role is not to decide which party's evidence is more persuasive, but to determine whether a reasonable jury could return a verdict in Plaintiff's favor. *Anderson*, 477 U.S. at 249. Because the record presents multiple genuine disputes of material fact across all claims, Defendant's Motion for Summary Judgment must be denied in its entirety. Fed. R. Civ. P. 56(a).

Respectfully submitted,

**THE WALLACE LAW FIRM, PLLC**

/s/ Belashia Wallace
BELASHIA S. WALLACE
Federal ID No. 3781822
Texas Bar No. 24086710
363 N. Sam Houston Pkwy E., Suite 1400
Houston, Texas 77060
Telephone: (281) 766-1700
Facsimile: 1-888-685-1831
E-mail: BWallace@TheWallaceLaw.com
E-service: Service@TheWallaceLaw.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2026, a true and correct copy of this document was served on the parties listed below electronically via the Court's CM/ECF noticing system and/or via email pursuant to the agreement of the parties.

Stewart Hoffer
shoffer@hicks-thomas.com
Chaim "Kai" Mindick
kmindick@hicks-thomas.com
Hicks Thomas LLP
700 Louisiana Street, Suite 2300
Houston, Texas 77002

BELASHIA WALLACE