IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMUNIQUE LOVE | § | |
| | § | |
|     *Plaintiff,* | § | Civil No. 4:24−cv−00598 |
| V. | § | |
| | § | |
| APACHE CORPORATION and | § | |
| APA CORPORATION | § | |
| | § | |
| *Defendants.* | § | **JURY TRIAL** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF DISPOSITIVE MOTIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Amunique Love (referred to herein as "Plaintiff"), and files this Response to Defendants Apache Corporation and APA Corporation's (collectively referred to herein as "Defendants") Opposed Motion to Stay Proceedings Pending Resolution of Dispositive Motions. (also referred to herein as "Defendants' Motion to Stay Proceedings"). In support thereof, Plaintiff provides as follows:

**I.
SUMMARY OF PLAINTIFF'S RESPONSE**

Defendants' Motion to Stay should be denied because it is not supported by any showing of hardship, inequity, or pressing necessity as required by controlling Supreme Court authority. Defendants' request is premised solely on the pendency of summary judgment motions. That is insufficient under *Landis v. North American Co.*, 299 U.S. 248 (1936).

Discovery is complete. All material witnesses have been deposed. The dispositive motions are fully briefed. Docket call is set for March 2, 2026. Docket call is set for March 2, 2026. Staying this matter now would serve only to delay adjudication of Plaintiff's claims without satisfying the

legal standard.

## II.
## RELEVANT PROCEDURAL HISTORY

On September 29, 2025, the Court entered a Second Amended Scheduling Order. [*See* Doc. 64]. Under that Order, discovery was to be completed by December 6, 2025, dispositive motions were due by December 20, 2025, and docket call is set for March 2, 2026.

Discovery has been completed. The parties exchanged written discovery. All material witnesses have been deposed. Plaintiff was deposed on August 19, 2025. Defendants' corporate representatives, Veronica Cotton and Brenda Udunna, were deposed on November 17, 2025 and November 20, 2025. Plaintiff's counselor, Jessica Medrano-Villafana, was deposed on August 28, 2025.

On December 20, 2025, Defendants filed their Motions for Summary Judgment. [*See* Doc. 89; Doc. 90]. Plaintiff filed her Responses in Opposition on January 9, 2026. [*See* Doc. 91; Doc. 92]. The dispositive motions are fully briefed.

On January 28, 2026, Defendants filed the present Motion to Stay Proceedings. [*See* Doc. 98].

This case is procedurally mature, discovery-complete, and set for docket call in less than six weeks.

## III.
## ARGUMENT AND AUTHORITIES

Defendants rely on *Landis v. North American Co.*, 299 U.S. 248 (1936), for the proposition that this Court possesses broad discretion to stay proceedings. However, *Landis* does not create an automatic entitlement to a stay upon the filing of dispositive motions. It imposes defined limits and assigns a heavy burden to the party seeking relief. The Supreme Court explained: "Apart, however,

from any concession, the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Landis*, 299 U.S. at 254. But the Court immediately emphasized that such authority must be exercised with restraint. *Id.* at 254-255. Critically, the burden rests squarely on the party seeking the stay. *Id.* at 255 (stating that "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else"). The Court further cautioned that only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both. *Id.* And the Supreme Court imposed structural limits on duration. *Id.* at 257 (stating that "the stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description").

Thus, the issue before this Court is not whether it has discretion, but whether Defendants have satisfied the demanding standard. Defendants have not.

### A. **Defendants Failed to Demonstrate that the Stay Was a "Clear Case of Hardship or Inequity."**

Defendants' Motion to Stay Proceedings identifies no hardship. It asserts only that resolution of summary judgment motions may obviate further proceedings. If that alone were sufficient, trial settings would routinely be suspended whenever summary judgment motions are pending.

Defendants do not argue that compliance with the existing Scheduling Order is burdensome. They do not contend that trial preparation imposes inequitable hardship. They do not assert that proceeding toward docket call would cause irreparable harm. They do not identify any concrete injustice that would result from continuing under the Court's current schedule.

Judicial economy alone does not constitute a "clear case of hardship or inequity." Under *Landis*, the burden is on Defendants to demonstrate more than speculative efficiency. They have not done so.

**B.  <u>There is at Least a "Fair Possibility" of Damage to Plaintiff.</u>**

As established, the movant is required to make out a clear case of hardship "if there is even a fair possibility that the stay for which he prays will work damage to someone else." *See Landis*, 299 U.S. at 255.

In this case, there is more than a fair possibility of damage. This is an employment discrimination and retaliation case brought under federal civil right statutes. Discovery has closed Trial preparation is underway. Plaintiff has expended substantial time and resources litigating this matter under the Court's Scheduling Order. A stay would delay adjudication of Plaintiff's federal claims, prolong uncertainty, and extend litigation that is already trial-ready. Defendants do not meaningfully address this prejudice.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court deny Defendants' Opposed Motion to Stay Proceedings Pending Resolution of Dispositive Motions, and grant Plaintiff such other and further relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

THE WALLACE LAW FIRM, PLLC

*/s/ Belashia Wallace*

BELASHIA S. WALLACE
Federal ID No. 3781822
Texas Bar No. 24086710
363 N. Sam Houston Pkwy E., Suite 1400
Houston, Texas 77060

```
Telephone:  (281) 766-1700
Facsimile:  1-888-685-1831
E-mail:     BWallace@TheWallaceLaw.com
E-service:  Service@TheWallaceLaw.com
```

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 18, 2026, a true and correct copy of this document was served on the parties listed below electronically via the Court's CM/ECF noticing system and/or via email pursuant to the agreement of the parties.

Stewart Hoffer
shoffer@hicks-thomas.com
Hicks Thomas LLP
700 Louisiana Street, Suite 2300
Houston, Texas 77002

                                                                    BELASHIA WALLACE