**In the United States District Court**
**For the Southern District of Texas**
**Houston Division**

| | | |
|---|---|---|
| **Amunique Love,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:24-cv-00598** |
| **Apache Corporation** and **APA** | § | |
| **Corporation,** | § | |
| | § | |
| *Defendants.* | § | |

---

**Defendant Apache Corporation's Motion for Judgment as a Matter of Law Pursuant to Federal Rule of Civil Procedure 50(a)**

---

Respectfully submitted,

**HICKS THOMAS LLP**
A REGISTERED LIMITED LIABILITY PARTNERSHIP

By:    */s/ Stewart Hoffer*
—————————————————
**Stewart Hoffer (Attorney in Charge)**
SDTX No. 20123
Texas Bar No. 00790891
shoffer@hicks-thomas.com
**Justin R. Braga**
SDTX No. 3710609
Texas Bar No. 24127228
jbraga@hicks-thomas.com
700 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 547-9100
Facsimile: (713) 547-9150

**Attorneys for Defendants Apache Corporation and APA Corporation**

112752116

**TABLE OF CONTENTS**

I.      Nature and Stage of the Proceeding/Summary of Argument ................................... 1

II.     Issues Requiring Resolution/Standard of Review ...................................................... 1

III.    Argument and Authorities ............................................................................................ 2

    A.      The Court should grant JMOL on Plaintiff's claim for hostile work
        environment. .................................................................................................... 2

    B.      The Court should grant JMOL on Plaintiff's failure to accommodate claim
        under the ADA. ................................................................................................ 4

    C.      The Court should grant JMOL on Plaintiff's discrimination claims. ........... 5

    D.      The Court should grant JMOL on Plaintiff's Title VII retaliation claim. ...... 7

    E.      Plaintiff has failed to set forth any evidence supporting her claims for
        damages. .......................................................................................................... 8

        1.      Back Pay ............................................................................................... 8

        2.      Front Pay/Reinstatement .................................................................. 10

        3.      Compensatory Damages .................................................................... 12

        4.      Punitive Damages ............................................................................... 14

        5.      Attorney's Fees .................................................................................. 14

        6.      Pre-judgment Interest ....................................................................... 15

        7.      Injunctive Relief ................................................................................ 16

IV.     Conclusion .................................................................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albemarle Paper Co. v. Moody*,
422 U.S. 405 (1975) ................................................................................................ 9

*Allison v. Lyondell Chem. Co.*,
2023 WL 4137484 (S.D. Tex. June 22, 2023) ...................................................... 6

*Brown v. Wal-Mart Stores E., L.P.*,
969 F.3d 571 (5th Cir. 2020) ................................................................................ 7

*Brunnemann v. Terra Intern., Inc.*,
975 F.2d 175 (5th Cir. 1992) ...............................................................................11

*Carpenter v. Stephen F. Austin State University*,
706 F.2d 608 (5th Cir. 1983) ................................................................................ 9

*Chadwick v. Layrisson*,
1999 WL 717628 (E.D. La. Sept. 13, 1999) ........................................................16

*Clark v. Champion Nat'l Sec., Inc.*,
952 F.3d 570 (5th Cir. 2020) ........................................................................... 4, 5

*DeAngelis v. El Paso Mun. Police Officers' Ass'n*,
51 F.3d 591 (5th Cir. 1995) .................................................................................. 3

*Delaval v. PTech Drilling Tubulars, L.L.C.*,
824 F.3d 476 (5th Cir. 2016) ................................................................................ 6

*Downey v. Strain*,
510 F.3d 534 (5th Cir. 2007) ...............................................................................11

*Dudley v. Dallas Indep. Sch. Dist.*,
2001 WL 123673 (N.D. Tex. Jan. 12, 2001) ......................................................12

*E.E.O.C. v. E.I. Du Pont de Nemours & Co.*,
480 F.3d 724 (5th Cir. 2007) ...............................................................................14

*EEOC v. Chevron Phillips Chem. Co.*,
570 F.3d 606 (5th Cir. 2009) ................................................................................ 4

*Ernst v. Methodist Hosp. Sys.*,
   1 F.4th 333 (5th Cir. 2021) ................................................................. 6

*Faragher v. City of Boca Raton*,
   524 U.S. 775 (1998) ......................................................................... 3

*Farpella-Crosby v. Horizon Health Care*,
   97 F.3d 803 (5th Cir. 1996)...............................................................13

*Floca v. Homcare Health Services, Inc.*,
   845 F.2d 108 (5th Cir. 1988) .................................................. 9, 10, 11

*Frederick v. Dupont Specialty Products USA, LLC.*,
   2023 WL 8623004 (S.D. Tex. Dec. 13, 2023)........................................ 6

*Gloria v. Valley Grain Products, Inc.*,
   72 F.3d 497 (5th Cir. 1996)...............................................................15

*Gonzalez v. Walgreen Co.*,
   140 F.4th 663 (5th Cir. 2025)............................................................. 2

*Hackett v. United Parcel Serv.*,
   736 F. App'x 444 (5th Cir. 2018) (per curiam).................................... 7

*Hadley v. VAM P T S*,
   44 F.3d 372 (5th Cir. 1995)...............................................................15

*Hale v. King*,
   642 F.3d 492 (5th Cir. 2011) (per curiam) ......................................... 4

*Harris v. FedEx Corp. Services, Inc.*,
   92 F.4th 286 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 168 (2024) ................ 6

*Harry v. Dall. Hous. Auth.*,
   662 F. App'x 263 (5th Cir. 2016) (per curiam)................................... 5

*Harvey v. Chevron U.S.A., Inc.*,
   961 F. Supp. 1017 (S.D. Tex. 1997) (Crone, J.)................................... 7

*Hogan v. Bangor & Aroostook R. Co.*,
   61 F.3d 1034 (1st Cir. 1995)...............................................................15

*Johnson v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*,
   90 F.4th 449 (5th Cir. 2024)............................................................... 3

112752116

iii

*Johnson v. El Paso Pathology Group, P.A.*,
    868 F. Supp. 852 (W.D. Tex. 1994) ....................................................................11

*Johnson v. Harris County Flood Control Dist.*,
    869 F.2d 1565 (5th Cir. 1989) ............................................................................ 9

*Khalfani v. Balfour Beatty Cmtys., L.L.C.*,
    595 F. App'x 363 (5th Cir. 2014) (per curiam) ............................................... 5

*Local No. 391 v. Terry*,
    494 U.S. 558 (1990) ............................................................................................ 8

*Long v. Eastfield Coll.*,
    88 F.3d 300 (5th Cir. 1996) ................................................................................ 7

*McDonnell Douglas Corp. v. Green*,
    411 U.S. 792 (1973) ............................................................................................ 6

*Mechelle v. USA Indus., Inc.*,
    2021 WL 3860745 (S.D. Tex. Aug. 30, 2021) (Hoyt, J.), *aff'd*, 2022 WL
    1262128 (5th Cir. Apr. 28, 2022) ...................................................................... 8

*Miles-Hickman v. David Powers Homes, Inc.*,
    2009 WL 1797872 (S.D. Tex. June 24, 2009) (Atlas, J.) ...............................15

*Miles-Hickman v. David Powers Homes, Inc.*,
    613 F. Supp. 2d 872 (S.D. Tex. 2009) (Atlas, J.) ................................ 9, 10, 11

*Miraglia v. Bd. of Supervisors of Louisiana State Museum*,
    901 F.3d 565 (5th Cir. 2018) ............................................................................14

*Mueck v. La Grange Acquisitions, L.P.*,
    75 F.4th 469 (5th Cir. 2023) .............................................................................. 4

*Patterson v. P.H.P. Healthcare Corp.*,
    90 F.3d 927 (5th Cir. 1996) ......................................................................*passim*

*Pearce v. Carrier Corp.*,
    966 F.2d 958 (5th Cir. 1992) ............................................................................ 10

*Petrello v. Prucka*,
    2011 WL 305444 (S.D. Tex. Jan. 27, 2011) (Hoyt, J.), *aff'd*, 484 Fed.
    Appx. 939 (5th Cir. 2012).............................................................................1, 2

*Prunty v. Arkansas Freightways*,
    16 F.3d 649 (5th Cir. 1994)...........................................................................13

*Reneau v. Wayne Griffin & Sons, Inc.*,
    945 F.2d 869 (5th Cir. 1991)..................................................................... 11, 12

*Rent-A-Ctr., Inc. v. Barker*,
    633 F. Supp. 2d 245 (W.D. La. 2009) ............................................................14

*Skidmore v. Precision Printing & Pkg., Inc.*,
    188 F.3d 606 (5th Cir. 1999)..................................................................... 14, 15

*Smith v. Harris County*,
    956 F.3d 311 (5th Cir. 2020)......................................................................... 4

*Strife v. Aldine Indep. Sch. Dist.*,
    138 F.4th 237 (5th Cir. 2025) ..................................................................... 3, 4

*Turner v. Baylor Richardson Med. Ctr.*,
    476 F.3d 337 (5th Cir. 2007) ......................................................................... 5

*Walther v. Lone Star Gas Co.*,
    952 F.2d 119 (5th Cir. 1992) ..................................................................... 10, 11

*Wantou v. Wal-Mart Stores Tex., L.L.C.*,
    23 F.4th 422 (5th Cir. 2022) ......................................................................... 3

*Weller v. Citation Oil & Gas Corp.*,
    84 F.3d 191 (5th Cir. 1999) ......................................................................... 4

*Whittington v. Harris County*,
    2025 WL 1864956 (5th Cir. July 7, 2025) (per curiam) ................................ 5

*Wilson v. Belmont Homes, Inc.*,
    970 F.2d 53 (5th Cir. 1992) ......................................................................... 8

*Woodhouse v. Magnolia Hospital*,
    92 F.3d 248 (5th Cir. 1996) ...........................................................................11

**Statutes**

42 U.S.C. § 1981a(a)(2), (b)(3).............................................................................12

42 U.S.C. § 1981a(b)(3).......................................................................................12

42 U.S.C. § 2000e-3(a) ................................................................................ 7

42 U.S.C. § 2000e-5(g)(1) ......................................................................... 10

42 U.S.C. § 12102(1) .................................................................................. 4

42 U.S.C. § 12102(2)(A) ............................................................................ 4

42 U.S.C. § 12205 .................................................................................... 14

Americans with Disabilities Act; 42 U.S.C. § 12101 et seq. ....................... *passim*

Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000a et seq. ..................... *passim*

Civil Rights Act of 1991, 42 U.S.C. § 1981a ................................................ 12, 14

**Other Authorities**

29 C.F.R. § 1630.2(j)(1)(ii) .......................................................................... 4

EEOC Policy Guidance No. 915.002 § II(A)(2), (July 14, 1992) ................... 13

Federal Rule of Civil Procedure Rule 50(a) .................................................. 1

# I.
## Nature and Stage of the Proceeding/Summary of Argument

This is an employment discrimination case that is in the trial stage. Plaintiff Amunique Love ("Plaintiff" or "Love"), an "African-American … who is dark in skin tone" and claims to have "Attention Deficit Hyperactivity Disorder" ("ADHD") [Doc. 10, *Plaintiff's First Amended Complaint* ("*Pl. Compl.*"), at ¶ 5.1], has sued her former employer, Apache Corporation ("Apache"), and its holding company that has no employees, APA Corporation ("APA") under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). Because Love has failed to offer any evidence to support any of her claims, the Court should grant judgment as a matter of law ("JMOL") for Apache on all of Love's claims.

# II.
## Issues Requiring Resolution/Standard of Review

On a JMOL motion, the Court must decide if the "jury would not have a legally sufficient evidentiary basis to find for" Plaintiff on her Title VII and ADA claims. FED. R. CIV. P. 50(a)(1). As this Court stated, "[p]ursuant to Rule 50(a) of the Federal Rules of Civil Procedure, judgment as a matter of law is warranted when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Petrello v. Prucka*, 2011 WL 305444, at *2 (S.D. Tex. Jan. 27, 2011) (Hoyt, J.), *aff'd*, 484 Fed. Appx. 939 (5th Cir. 2012). "Hence, '[a] motion for judgment as a matter of law is appropriate if, after considering the evidence presented and viewing all reasonable inferences in the light

most favorable to the nonmovant, the facts and inferences point so strongly in favor of the movant that a rational jury could not arrive at a contrary verdict.'" *Id.* (quoting *Murray v. Red Kap Indus., Inc.*, 124 F.3d 695, 697 (5th Cir.1997)). "While examining the record as a whole, 'the Court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Id.* (quotations omitted) (quoting *U.S. Commodity Futures Trading Com'n v. Dizona*, 594 F.3d 408, 413–14 (5th Cir.2010)).

The Fifth Circuit "reviews a district court's ruling on a motion for judgment as a matter of law de novo, applying the same standard as the district court." *Gonzalez v. Walgreen Co.*, 140 F.4th 663, 668 (5th Cir. 2025) (quotations omitted).

### III.
### Argument and Authorities

A.    **The Court should grant JMOL on Plaintiff's claim for hostile work environment.**

Plaintiff asserts a claim for hostile work environment based on her claimed disability and her race/color. [*Pl. Compl.* at ¶¶ 6.3 & 6.7]. Where, as here, the claimed harassment stems from someone other than a supervisor with immediate or successively higher authority over the plaintiff, the plaintiff must offer admissible evidence showing: (1) that "she belongs to a protected group"; (2) that she "was subjected to unwelcome harassment"; (3) based upon race or her claimed disability; (4) "the harassment affected a term, condition, or privilege of [her] employment"; and (5) that her "employer knew, or

should have known, of the harassment and failed to take prompt remedial action." *Strife v. Aldine Indep. Sch. Dist.*, 138 F.4th 237, 248 (5th Cir. 2025); *Johnson v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 90 F.4th 449, 455 (5th Cir. 2024).

Employees may not sue their employer for every perceived workplace slight. To be actionable, the allegedly discriminatory conduct must be so extremely severe or pervasive as to create a work environment that is "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998); *Strife*, 138 F.4th at 248. To decide this, courts look to the totality of the circumstances, including non-dispositive factors such as: (1) the conduct's frequency; (2) "its severity"; (3) whether the conduct "is physically threatening or humiliating" as opposed to "a mere offensive utterance"; and (4) whether the conduct "unreasonably interferes with an employee's work performance." *Wantou v. Wal-Mart Stores Tex., L.L.C.*, 23 F.4th 422, 433 (5th Cir. 2022) (quotations omitted). Overall, the challenged conduct must create an environment that is "so egregious as to alter the conditions of employment and destroy the [plaintiff's] equal opportunity in the workplace." *DeAngelis v. El Paso Mun. Police Officers' Ass'n*, 51 F.3d 591, 593 (5th Cir. 1995). "Simple teasing, offhand comments, and isolated incidences (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher*, 524 U.S. at 788 (citation modified). Stated another way, mere name-calling or occasional "epithet[s]," or "offensive" comments which

"sporadically wound[] or offend[]" are insufficient to show a hostile work environment. *Weller v. Citation Oil & Gas Corp.*, 84 F.3d 191, 194 (5th Cir. 1999).  Similarly insufficient is evidence reflecting "a disagreement with an employer over terms of employment or an accommodation" for a claimed disability. *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 585 (5th Cir. 2020).

After several days of testimony, Love has failed to put forth any evidence supporting certain elements of this claim.  Given this failure, the Court should enter judgment as matter of law for Apache on this claim.

**B.    The Court should grant JMOL on Plaintiff's failure to accommodate claim under the ADA.**

A claim asserting a failure to reasonably accommodate an employee's claimed disability has "three elements: (1) the plaintiff is a qualified individual with a disability,[1] (2) the disability and its consequential limitations were known by the covered employer, and (3) the employer failed to make reasonable accommodations for such known limitations." *Strife*, 138 F.4th at 245 (citation modified); *Smith v. Harris County*, 956 F.3d 311, 317 (5th Cir. 2020).  An employer has no duty of reasonable accommodation unless the plaintiff can

---

[1]   The ADA defines a "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment...." 42 U.S.C. § 12102(1).  A qualifying disability is not shown with evidence that a plaintiff may have an impairment. *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614 (5th Cir. 2009).  Instead, a plaintiff must demonstrate that the impairment substantially limits a major life activity.  42 U.S.C. § 12102(2)(A).  "To be substantially limited means to be unable to perform a major life activity that the average person in the general population can perform, or to be significantly restricted in the ability to perform it." *Hale v. King*, 642 F.3d 492, 500 (5th Cir. 2011) (per curiam) (citation modified); 29 C.F.R. § 1630.2(j)(1)(ii).  "[W]hether a plaintiff has a [qualifying] disability . . . requires an individualized assessment of the impact of the impairment on an individual's major life activities." *Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 479 (5th Cir. 2023).

show that the plaintiff had a qualifying "disability" as that term is defined in the ADA. *Clark*, 952 F.3d at 587 (plaintiff's failure to show he was a "qualified individual" under ADA was "fatal to his failure-to-accommodate claim").

After several days of testimony, Love has failed to put forth any evidence supporting at least some elements of this claim. Given this failure, the Court should enter judgment as matter of law for Apache on this claim.

**C.    The Court should grant JMOL on Plaintiff's discrimination claims.**

Plaintiff also asserts that Apache discriminated against her because of her alleged disability, her race, and her color[2] (although she does not specify the adverse employment action(s) upon which her claims are premised). [*Pl. Compl.* at ¶¶ 6.2 & 6.5]. A plaintiff may prove a claim of intentional discrimination either by "direct or circumstantial evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) "Direct evidence" of discrimination is "evidence that, if believed, proves the fact of discriminatory animus without any inferences or presumptions," such as "any statement or document that shows on its face that an improper criterion served as a basis for the adverse employment action." *Harry v. Dall. Hous. Auth.*, 662 F. App'x 263, 266 (5th Cir. 2016) (per curiam). After several days of testimony, Love has failed to put forth any evidence

---

[2]    Race and color discrimination are two distinct charges. Although the Fifth Circuit "has rarely addressed color discrimination under Title VII," *Whittington v. Harris County*, 2025 WL 1864956, at *3 (5th Cir. July 7, 2025) (per curiam), the same framework applies to race and color discrimination, *Khalfani v. Balfour Beatty Cmtys., L.L.C.*, 595 F. App'x 363, 365 n.1 (5th Cir. 2014) (per curiam). Apache therefore intends for its arguments against Plaintiff's race discrimination claim to apply equally to Plaintiff's claim for color discrimination.

that the adverse employment action about which Plaintiff appears to complain (her termination) was directly tied to or motivated by her claimed disability, her race, or her color.

The Court must therefore analyze these claims under the burden-shifting framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), an approach which this Court knows well, as shown by its prior body of work. *See, e.g., Allison v. Lyondell Chem. Co.*, 2023 WL 4137484, at *4 (S.D. Tex. June 22, 2023); *Frederick v. Dupont Specialty Products USA, LLC.*, 2023 WL 8623004, at *3 (S.D. Tex. Dec. 13, 2023); *see also Harris v. FedEx Corp. Services, Inc.*, 92 F.4th 286, 297 (5th Cir. 2024) (observing that "[t]he *McDonnell Douglas* formula ... is applicable . . . in a directed verdict . . . situation), *cert. denied*, 145 S. Ct. 168 (2024). Under that framework, "the plaintiff must first make a prima facie case of . . . discrimination."[3] *Allison*, 2023 WL 4137484, at *4. "If the plaintiff makes this case, the defendant must articulate a legitimate, non-discriminatory reason for its actions." *Id.* "If the defendant does so, the presumption of discrimination disappears." *Id.* "Then the employee must offer sufficient evidence to create a genuine issue of material fact that the defendant's reason is not true, but merely a pretext for discrimination." *Id.*

---

[3] To establish a prima facie case for race/color discrimination, Plaintiff must demonstrate that she: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside h[er] protected group or was treated less favorably than other similarly situated employees outside the protected group." *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 339 (5th Cir. 2021) (quotation omitted). To establish a prima facie case for disability discrimination, Plaintiff "must show: (1) [s]he has a disability; (2) [s]he was qualified for the job; and (3) [s]he was subject to an adverse employment decision on account of his disability." *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 479 (5th Cir. 2016).

After several days of testimony, Love has failed to put forth any evidence supporting certain elements of this claim.  Given this failure, the Court should enter judgment as matter of law for Apache on this claim.

**D.     The Court should grant JMOL on Plaintiff's Title VII retaliation claim.**

Plaintiff alleges that Apache retaliated against her in violation of Title VII by terminating her employment after she "complained repeatedly of the discriminatory behaviors, opposed engaging in falsely reporting funds to the federal government, and report[ed] the same to management and HR." [*Pl. Compl.* at ¶¶ 6.9 - 6.10].  "The antiretaliation provision of Title VII prohibits an employer from discriminating against an employee or job applicant because that individual opposed any practice made unlawful by Title VII or made a charge, testified, assisted, or participated in a Title VII proceeding or investigation."[4]  *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 576-77 (5th Cir. 2020) (quotations omitted).  The same legal standard for discrimination claims applies to retaliation claims under Title VII.  *Hackett v. United Parcel Serv.*, 736 F. App'x 444, 451–52 (5th Cir. 2018) (per curiam).  To establish a *prima facie* case of retaliation under Title VII, Plaintiff "must show that: (1) she participated in an activity protected under [Title VII]; (2) her employer took an adverse employment action against her; and (3) a causal connection

---

[4]  An individual engages in protected activity under Title VII when the individual "has opposed any practice made an unlawful employment practice by [Title VII]...."  42 U.S.C. § 2000e-3(a).  The plaintiff must also show that they harbored an objectively reasonable belief that the employer's conduct was unlawful under Title VII.  *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996); *Harvey v. Chevron U.S.A., Inc.*, 961 F. Supp. 1017, 1033 (S.D. Tex. 1997) (Crone, J.) ("[A] plaintiff may not maintain a claim for 'opposition clause' retaliation where the activity about which she complains, even if it occurred, is not actionable under Title VII.").

exists between the protected activity and the adverse action." *Mechelle v. USA Indus., Inc.*, 2021 WL 3860745, at *4 (S.D. Tex. Aug. 30, 2021) (Hoyt, J.), *aff'd*, 2022 WL 1262128 (5th Cir. Apr. 28, 2022).

After several days of testimony, Love has failed to put forth any evidence supporting certain elements of this claim. Given this failure, the Court should enter judgment as matter of law for Apache on this claim.

**E.      Plaintiff has failed to set forth any evidence supporting her claims for damages.**

Plaintiff broadly "seeks actual damages, including but not limited to pecuniary losses, back pay, front pay, lost benefits, and future pecuniary losses." [*Pl. Compl.* at ¶ 7.2]. She also seeks "recovery for her emotional pain and distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses[.]" [*Id.* at ¶ 7.3]. Moreover, Plaintiff seeks punitive damages, attorney's fees, and "interest." [*Id.* at ¶¶ 7.5–7.6]. But after several days of testimony, Love has failed to put on evidence entitling her to these damages.

1.      Back Pay

Back pay is an equitable remedy. *See Local No. 391 v. Terry*, 494 U.S. 558, 572 (1990) (observing that "Congress specifically characterized back pay under Title VII as a form of equitable relief") (quotations and internal citation omitted); *see also Wilson v. Belmont Homes, Inc.,* 970 F.2d 53, 55 (5th Cir. 1992) (holding that the Fifth Circuit has a "long-standing rule that back pay under Title VII is an equitable remedy."). Because the purpose

of back pay is to place Plaintiff in the same financial position she would have otherwise occupied but for the employer's unlawful discrimination, *Floca v. Homcare Health Services, Inc.*, 845 F.2d 108, 111 (5th Cir. 1988), back pay is not an automatic or mandatory remedy in employment discrimination cases. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415 (1975); *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 937 n. 10 (5th Cir. 1996); *Carpenter v. Stephen F. Austin State University*, 706 F.2d 608, 631 (5th Cir. 1983); *see also Miles-Hickman v. David Powers Homes, Inc.*, 613 F. Supp. 2d 872, 885 (S.D. Tex. 2009) (Atlas, J.) ("The Fifth Circuit explains that '[b]ack pay encompasses what the plaintiff would have received in compensation but for the employer's violation of the [ADA].'" (alterations in original) (quoting *Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 482–83 (5th Cir.2007)). As such, Plaintiff may not recover for harm that is caused by events other than the employer's conduct. Moreover, for Plaintiff to receive back pay, she must fulfill her statutory obligation to mitigate her damages. *See Johnson v. Harris County Flood Control Dist.,* 869 F.2d 1565, 1578 (5th Cir. 1989) ("A successful Title VII Plaintiff is entitled to back pay, subject to his statutory duty to minimize damages."); *Miles-Hickman*, 613 F. Supp. 2d at 887 ("A plaintiff suing for back pay under the ADA has a duty to mitigate her damages by using reasonable diligence to obtain substantially equivalent employment.").

The proper measure of backpay consists of the wages and employee benefits[5] Plaintiff would have received from the last date of his employment pay and benefits from the employer until the date of trial. *Id.* The backpay obligation, however, "shall not accrue from a date more than two years prior to the filing of a charge with the [EEOC]." 42 U.S.C. § 2000e-5(g)(1); *Patterson*, 90 F.3d at 936 n.9. The backpay award must be reduced by the total amount the plaintiff actually earned in wages, earnings, and other income and benefits during the backpay period. 42 U.S.C. § 2000e-5(g)(1); *Patterson*, 90 F.3d at 936 n.9.

After several days of testimony, Love has failed to put forth evidence that would entitle her to back pay. Therefore, the Court should not award her back pay.

2.      Front Pay/Reinstatement

Like back pay, front pay is a form of equitable relief that is to be determined by the Court rather than the jury. *Walther v. Lone Star Gas Co.,* 952 F.2d 119, 127 (5th Cir. 1992) ("front pay is an equitable remedy"). Front pay is a remedy for the post-judgment effects of alleged discrimination and is awarded to meet the goal of Title VII to make whole the victim of discrimination. *Floca*, 845 F.2d at 112. Front pay serves a similar purpose under the ADA. *See Miles-Hickman,* 613 F. Supp. 2d at 890 ("The purpose of front pay is to compensate the plaintiff for lost future wages and benefits.")

---

[5]    In this regard, Plaintiff may recover for loss of employment benefits, but the amount of such recovery "is limited to recovery of those expenses actually incurred by either replacement of the lost insurance or occurrence of the insured risk." *Pearce v. Carrier Corp.*, 966 F.2d 958, 959 (5th Cir. 1992).

Reinstatement rather than front pay remains the preferred remedy. *Downey v. Strain*, 510 F.3d 534, 544 (5th Cir. 2007); *Woodhouse v. Magnolia Hospital*, 92 F.3d 248, 257 (5th Cir. 1996); *Brunnemann v. Terra Intern., Inc.*, 975 F.2d 175, 180 (5th Cir. 1992); *Walther*, 952 F.2d at 127; *Miles-Hickman,* 613 F. Supp. 2d at 890. In cases where reinstatement is not feasible, the Court calculates front pay through "intelligent guesswork" whereby the Court estimates the value of the prospective lost earnings that will likely accrue between the date of judgment and the time when the victim can assume a new position. *Downey*, 510 F.3d at 544. The Fifth Circuit has identified several factors to be considered in determining the amount of a front pay award: (1) the length of prior employment, (2) the permanency of the position held, (3) the nature of the work, (4) the age and physical condition of the employee, (5) possible consolidation of jobs, and (6) the myriad other non-discriminatory factors which could validly affect the employer/employee relationship. *Id.* (citing *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 871 (5th Cir. 1991)). Courts are reluctant to award front pay for more than two years from the date of discharge. *See Johnson v. El Paso Pathology Group, P.A.*, 868 F. Supp. 852, 864 (W.D. Tex. 1994). The Court should consider the amount of back pay awarded when calculating front pay.

Awards of front pay, however, are not mandatory. *Floca*, 845 F.2d at 112. To be entitled to front pay, the plaintiff must first demonstrate that reinstatement is not feasible. *Woodhouse*, 92 F.3d at 257; *Brunnemann*, 975 F.2d at 180; *Walther*, 952 F.2d at 127. Even

in the face of such proof, the district court may deny or reduce an award of front pay where a plaintiff fails to mitigate damages. *Reneau*, 945 F.2d at 870. Moreover, for Plaintiff to receive front pay, she must fulfill her statutory obligation to mitigate her damages. *See id.* ("Front pay may be denied or reduced when the employee fails to mitigate damages by seeking other employment.")

After several days of testimony, Love has failed to put forth evidence that would entitle her to front pay. Therefore, the Court should not award her front pay.

   3.  <u>Compensatory Damages</u>

Plaintiffs who successfully litigate a claim under Title VII or the ADA may recover compensatory damages for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses....." 42 U.S.C. § 1981a(b)(3); *see also Dudley v. Dallas Indep. Sch. Dist.*, 2001 WL 123673, at *9 (N.D. Tex. Jan. 12, 2001) ("The Civil Rights Act of 1991, 42 U.S.C. § 1981a allows ADA plaintiffs to recover compensatory damages on reasonable accommodation claims, including damages for lost wages and emotional pain and suffering." (citing 42 U.S.C. § 1981a(a)(2), (b)(3)). The law intends these damages to compensate for the actual injury sustained and nothing else. *Patterson*, 90 F.3d at 938. Accordingly, the plaintiff is only entitled to a sum to fairly and justly compensate her for any damages that the plaintiff actually suffered or is reasonably certain to suffer in the future as a result of the defendant's

112752116

12

actions.  2024 FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL) 15.2.  The plaintiff may not recover speculative or remote damages. *Id.*

"Emotional harm will not be presumed simply because the complaining party is a victim of discrimination." *Patterson*, 90 F.3d at 939 (emphasis omitted) (quoting EEOC POLICY GUIDANCE No. 915.002 § II(A)(2), at 10 (July 14, 1992)).  Accordingly, the plaintiff must present evidence to support an award of compensatory damages. *Id.* at 938; *Prunty v. Arkansas Freightways*, 16 F.3d 649, 652 (5th Cir. 1994).  The plaintiff must present competent medical or psychological evidence to support a request for compensatory damages premised on mental anguish or emotional pain. *Patterson*, 90 F.3d at 938-39.  The Fifth Circuit will vacate an award of emotional distress under Title VII where the award is supported by the plaintiff's testimony only. *Patterson*, 90 F.3d at 938-41 (vacating district court's award for mental anguish under Title VII based solely on plaintiff's testimony that he felt "frustrated," "hurt," "angry," and "paranoid" about "unbearable" work environment that was "tearing [plaintiff's] self-esteem down").  Additionally, a plaintiff's mental anguish must be more than mere, "hurt, anger or frustration," as these emotions are "simply part of life." *Farpella-Crosby v. Horizon Health Care,* 97 F.3d 803, 809 (5th Cir. 1996) (quotations omitted).

After several days of testimony, Love has failed to put forth evidence that would entitle her to compensatory damages.  Therefore, the Court should not award her compensatory damages.

### 4.    Punitive Damages

A party who establishes a cause of action under Title VII (as amended by 42 U.S.C. § 1981a) or the ADA may be entitled to punitive damages under limited circumstances. *Patterson*, 90 F.3d at 941; *see also E.E.O.C. v. E.I. Du Pont de Nemours & Co.*, 480 F.3d 724, 732 (5th Cir. 2007).  To be entitled to punitive damages, a plaintiff must first demonstrate that the defendant acted with malice or reckless disregard to the plaintiff's federally protected rights. *Id.* at 942; *see also E.I. Du Pont de Nemours & Co.*, 480 F.3d at 732.

After several days of testimony, Love has failed to put forth evidence that would entitle her to punitive damages.  Therefore, the Court should not award her punitive damages.

### 5.    Attorney's Fees

"Generally, entitlement to attorneys' fees in [a Title VII] action is predicated on the recovery of actual damages for the federal claim."  *Skidmore v. Precision Printing & Pkg., Inc.*, 188 F.3d 606, 619 (5th Cir. 1999); *accord Rent-A-Ctr., Inc. v. Barker*, 633 F. Supp. 2d 245, 251 n.7 (W.D. La. 2009).  The same is true under the ADA.  *See Miraglia v. Bd. of Supervisors of Louisiana State Museum*, 901 F.3d 565, 576 (5th Cir. 2018) ("To be entitled to attorneys' fees under the ADA, a plaintiff must be the 'prevailing party.'" (quoting 42 U.S.C. § 12205)).[6]  As explained above, Love has failed to offer any evidence to prove

---

[6]    The Fifth Circuit has stated being deemed the "prevailing party" "requires three interrelated showings: (1) the plaintiff must achieve judicially-sanctioned relief, (2) the relief must materially alter the legal relationship between the parties, and (3) the relief must modify the defendant's behavior in a way that directly benefits the plaintiff at the time the relief is entered." *Miraglia*, 901 F.3d at 576 (quotations omitted).

liability and, therefore, awarding Love attorney's fees is inappropriate. *See Skidmore*, 188 F.3d at 619 ("Because we hold, as a matter of law, that Skidmore is not entitled to recover on the Title VII claim, she is likewise not entitled to any attorneys' fees at all.").

Moreover, Love has failed to produce, in response to Defendants' discovery requests, the documents or data upon which she relied to support a claim for attorney's fees. Plaintiff also has presumably failed to segregate fees between those claims upon which she might recover, and those for which she may not obtain a recovery.

For these reasons, the Court should not award Love attorney's fees.

6.     Pre-judgment Interest

The decision to award prejudgment interest in Title VII actions rests with the sound discretion of the district court. *Gloria v. Valley Grain Products, Inc.*, 72 F.3d 497, 499 (5th Cir. 1996); *Hadley v. VAM P T S*, 44 F.3d 372, 376 (5th Cir. 1995).  The same is true under the ADA.  *See Miles-Hickman v. David Powers Homes, Inc.*, 2009 WL 1797872, at *1 (S.D. Tex. June 24, 2009) (Atlas, J.) (observing that an "award" of "[p]rejudgment interest . . . rests with the discretion of the Court" (citing *Williams v. Trader Pub. Co.*, 218 F.3d 481, 488 (5th Cir. 2000)); *see also Hogan v. Bangor & Aroostook R. Co.*, 61 F.3d 1034, 1038 (1st Cir. 1995) ("Whether prejudgment interest is needed to make a plaintiff whole is within the discretion of the district court.").

The Court should not award any prejudgment interest because, in a typical federal jury charge, the jury is asked what sum of money, if paid *now in cash*, would fairly and

112752116                                                    15

reasonably compensate the plaintiff for the plaintiff's damages, if any. Because the damages must necessarily have occurred at some point prior to trial, but the jury is asked to assess the damages in present day dollars, the jury has already presumptively factored into its award the time value of money from the date of the alleged injury to the date of the verdict.

After several days of testimony, Love has failed to put forth evidence that would entitle her to prejudgment interest. Therefore, the Court should not award her prejudgment interest.

### 7.    Injunctive Relief

Love also makes a vague request for "an injunction against future discrimination or retaliation." [*Pl. Compl.* at ¶ 7.4]. "Title VII authorizes injunctive relief where the court finds that the defendant has intentionally engaged in or is intentionally engaging in an unlawful employment practice." *Chadwick v. Layrisson*, 1999 WL 717628, at *1 (E.D. La. Sept. 13, 1999) (citing 42 U.S.C. § 2000e-5(g)(1)). The ADA authorizes injunctive relief, too. *See id.* ("The ADA authorizes injunctive relief by incorporating the powers, remedies, and procedures applicable to employment discrimination actions under Title VII.").

After several days of testimony, Love has failed to put forth evidence that would entitle her to injunctive relief. Therefore, the Court should not award her injunctive relief.

## IV.
## Conclusion

For all these reasons, Apache respectfully requests the Court grant judgment as a matter law in Apache's favor on all of Love's claims.

DATED: May 15, 2026    Respectfully submitted,

**HICKS THOMAS LLP**
A REGISTERED LIMITED LIABILITY PARTNERSHIP

By: */s/ Stewart Hoffer*

**Stewart Hoffer (Attorney in Charge)**
SDTX No. 20123
Texas Bar No. 00790891
shoffer@hicks-thomas.com
**Justin R. Braga**
SDTX No. 3710609
Texas Bar No. 24127228
jbraga@hicks-thomas.com
700 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 547-9100
Facsimile: (713) 547-9150

**Attorneys for Defendants Apache Corporation and APA Corporation**

## Certificate of Service

I hereby certify that on May 15, 2026, the foregoing motion was served on all counsel of record, as listed below, via the Court's ECF noticing system.

Ms. Belashia S. Wallace
The Wallace Law Firm PLLC
363 N. Sam Houston Parkway E, Suite 1400
Houston, Texas 77060
*service@thewallacelaw.com*

*/s/ Stewart Hoffer*
**Stewart Hoffer**

112752116       17