**In the United States District Court**
**For the Southern District of Texas**
**Houston Division**

| | | |
|---|---|---|
| Amunique Love, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Civil Action No. 4:24-cv-00598** |
| | § | |
| Apache Corporation and | § | |
| APA Corporation, | § | |
| | § | |
| *Defendants.* | § | |

---

**Defendant APA Corporation's Motion for Judgment as a Matter of Law Pursuant to Federal Rule of Civil Procedure 50(a)**

---

**Nature and Stage of the Proceeding**

This is an employment discrimination case at the trial stage in which Plaintiff Amunique Love ("Plaintiff") brings claims against both her former employer, Apache Corporation ("Apache"), and Apache's holding company with no employees, APA Corporation ("APA"). [*See generally* Doc. 10, Plaintiff's First Amended Complaint ("*Pl. Compl.*")]. Plaintiff claims a violation of her rights under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"), asserting that she was retaliated and discriminated against based on her race and color, and otherwise discriminated against because of an alleged disability that she claims APA failed to properly accommodate. Because Love has failed to offer any evidence to support any of her claims, the Court should grant judgment as a matter of law ("JMOL") for APA on all of Love's claims.

112751842

**Issues Requiring Resolution/Standard of Review**

On a JMOL motion, the Court must decide if the "jury would not have a legally sufficient evidentiary basis to find for" Plaintiff on her Title VII and ADA claims. FED. R. CIV. P. 50(a)(1). As this Court stated, "[p]ursuant to Rule 50(a) of the Federal Rules of Civil Procedure, judgment as a matter of law is warranted when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Petrello v. Prucka*, 2011 WL 305444, at *2 (S.D. Tex. Jan. 27, 2011) (Hoyt, J.) (quotations omitted), *aff'd*, 484 Fed. Appx. 939 (5th Cir. 2012). "Hence, '[a] motion for judgment as a matter of law is appropriate if, after considering the evidence presented and viewing all reasonable inferences in the light most favorable to the nonmovant, the facts and inferences point so strongly in favor of the movant that a rational jury could not arrive at a contrary verdict.'" *Id.* (quoting *Murray v. Red Kap Indus., Inc.*, 124 F.3d 695, 697 (5th Cir.1997)). "While examining the record as a whole, 'the Court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Id.* (quotations omitted) (quoting *U.S. Commodity Futures Trading Com'n v. Dizona*, 594 F.3d 408, 413–14 (5th Cir.2010)).

The Fifth Circuit "reviews a district court's ruling on a motion for judgment as a matter of law de novo, applying the same standard as the district court." *Gonzalez v. Walgreen Co.*, 140 F.4th 663, 668 (5th Cir. 2025) (quotations omitted).

**Summary of the Argument**

The Court should grant judgment as a matter of law for APA because Plaintiff failed to present any credible evidence that: (1) she exhausted her administrative remedies against APA by

filing an EEOC charge against it; (2) APA qualifies as an "employer" as that term is defined by Title VII and the ADA; and (3) APA discriminated against Plaintiff in violation of federal law.

**A.    Plaintiff failed to exhaust her administrative remedies against APA.**

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002); *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (Title VII); *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017) (ADA); *Kluttz v. WORLDPAC*, No. 4:12-CV-2009, 2013 WL 6731880, at *4 (S.D. Tex. Dec. 19, 2013) (Hoyt, J.). To satisfy this requirement, the plaintiff must "file a charge of discrimination with the EEOC . . . . within 300 days after the alleged unlawful act occurred." *Weathers v. Hous. Methodist Hosp.*, 116 F.4th 324, 329 (5th Cir. 2024) (per curiam). Generally, "a party not named in an EEOC charge may not be sued under" a federal discrimination statute. *See EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014) (quotation omitted) (Title VII).

After several days of testimony, Love has failed to put forth any evidence that she exhausted her administrative remedies. Given Love's failure to bring forth any evidence in support of exhaustion, the Court should enter judgment as matter of law for APA on Love's claims.

**B.    APA cannot be held liable as an "employer" under the relevant statutes.**

To assert a claim under Title VII or the ADA, the plaintiff must "demonstrate an employment relationship between the plaintiff and the defendant." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017) (citation modified) (Title VII); *Bloom v. Bexar County*, 130 F.3d 722, 724 (5th Cir. 1997) (granting summary judgment for county against plaintiff's ADA claim since plaintiff had no employment relationship with county). To determine the existence of such a relationship under either statute, courts "apply the hybrid economic

realities/common law control test." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 227 & n.2 (5th Cir. 2015) (citation modified).  As to control, courts "focus on the right to hire and fire, the right to supervise, and the right to set the employee's work schedule," whereas the economic component examines "who paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment."  *Perry v. VHS San Antonio Partners*, *L.L.C.*, 990 F.3d 918, 929 (5th Cir. 2021).  Moreover, an entity qualifies as an "employer" under Title VII and the ADA only when it has at least fifteen employees.  42 U.S.C. § 2000e(b);42 U.S.C. § 12111(5)(A); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 503 (2006) (recognizing numerosity requirement in Title VII).

After several days of testimony, Love has failed to put forth any evidence that there is an employment relationship between APA and Love or that APA has at least fifteen employes.  Given Love's failure to bring forth any evidence on these points, the Court should enter judgment as matter of law for APA on Love's claims.

**C.**    **APA adopts all the arguments that Apache makes in its Motion for Judgment as a Matter of Law as permitted by FED. R. CIV. P. 10(c).**

Federal Rule of Civil Procedure Rule 10(c) permits litigants to incorporate arguments made in another party's motion for judgment as a matter of law.  Accordingly, to the extent that the court finds that Plaintiff exhausted her administrative remedies against APA and/or that APA is Plaintiff's "employer" under Title VII and the ADA, APA is entitled to judgment as matter of law for the same reasons laid out in Apache's Motion for Judgment as a Matter of Law, filed the same date as this one.

## Conclusion

For all the reasons set forth in this Motion, APA respectfully asks the Court to grant it judgment as a matter of law on Plaintiff's claims.

DATED: May 15, 2026

Respectfully submitted,

**HICKS THOMAS LLP**
A REGISTERED LIMITED LIABILITY PARTNERSHIP

By:   */s/ Stewart Hoffer*
    **Stewart Hoffer (Attorney in Charge)**
    SDTX No. 20123
    Texas Bar No. 00790891
    shoffer@hicks-thomas.com
    **Justin R. Braga**
    SDTX No. 3710609
    Texas Bar No. 24127228
    jbraga@hicks-thomas.com
    700 Louisiana Street, Suite 2300
    Houston, Texas 77002
    Telephone: (713) 547-9100
    Facsimile: (713) 547-9150

**Attorneys for Defendants Apache Corporation and APA Corporation**

## Certificate of Service

I hereby certify that on May 15, 2026, the foregoing motion was served on all counsel of record, as listed below, via the Court's ECF noticing system.

Ms. Belashia S. Wallace
The Wallace Law Firm PLLC
363 N. Sam Houston Parkway E, Suite 1400
Houston, Texas 77060
*service@thewallacelaw.com*

*/s/ Stewart Hoffer*
**Stewart Hoffer**

112751842

5